**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| COGNIPOWER LLC, | |
| Plaintiff, | |
| v. | Case No. 2:23-cv-160 |
| SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CogniPower LLC ("Plaintiff" or "CogniPower") hereby alleges patent infringement against Defendants Samsung Electronics Co., Ltd. ("Samsung Korea") and Samsung Electronics America, Inc. ("Samsung America") (collectively, "Defendants" or "Samsung") as follows:

## PARTIES

1.      CogniPower is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 3217 Phoenixville Pike, Malvern, Pennsylvania 19355.

2.      Samsung Korea is a company organized and existing under the laws of South Korea, having a principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-Gu, Suwon-si, Gyeonggi-do, 16677, Rep. of Korea.

3.      Samsung America is a corporation organized and existing under the laws of New York, having a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung America is registered to do business in the State of Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      On information and belief, Samsung America is a wholly-owned subsidiary of, and is controlled and directed by, Samsung Korea.

## JURISDICTION AND VENUE

5.      This patent infringement action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

6.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

7.     Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute.

8.     Defendants offer to sell and sell infringing products and services throughout the United States, this State, and this District, and introduce infringing products and services into the stream of commerce knowing that they will be sold in the United States, this State, and this District.

9.     Defendants have authorized sellers and sales representatives that offer for sale and sell products and services pertinent to this Complaint throughout this State, including in and to consumers throughout this District, such as: Best Buy, 422 West TX-281 Loop, Suite 100, Longview, Texas 75605; Best Buy, 5514 S Broadway Ave, Tyler, TX 75703; Best Buy 4210 Saint Michael Dr, Texarkana, TX 75503; Best Buy 2800 N Central Expy, Plano, TX 75074; Best Buy, 1751 N Central Expy, Ste C, McKinney, TX 75070; Best Buy, 190 E Stacy Rd, Bldg 3000, Allen, TX 75002; AT&T, 2127 US Hwy 79 S, Ste. 600, Henderson, TX 75654; Verizon, 500 E Loop 281, Longview, TX 75605; Walmart, 1701 E End Blvd N, Marshall, TX 75670.

10.     This Court has personal jurisdiction over Defendants under the United States Constitution, the State Laws of Texas, including Texas's long-arm statute, and/or the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 4(k)(2), and the supplemental jurisdiction statute, 28 U.S.C. § 1367.  Defendants have sufficient minimum contacts with this District at least because they have continuously and systematically solicited and/or transacted business in this District such that this Court has personal jurisdiction.

11.    Personal jurisdiction also exists over Defendants because they, directly, through, or in consort with subsidiaries, affiliates, or intermediaries, some or all of which are Defendants' agents or alter egos, make, use, sell, offer for sale, import, advertise, make available, and/or market products and services within the United States, this State, and this District that infringe one or more claims of the asserted patents, as alleged more particularly below.

12.    Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b) as to Samsung Korea because, among other things, being an alien corporation, Samsung Korea may be sued in any judicial district.

13.    Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b) as to Samsung America because, among other things, Samsung America has committed acts of infringement in this District and has a regular and established place of business in this District, including but not limited to regular and established places of business at 6625 Excellence Way, Plano, Texas 75023; 3580 Preston Road, Suite 100, Frisco, Texas 75034; and 2601 Preston Road, Frisco, Texas 75034.

14.    Further, venue is proper in this District as to Samsung Korea pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Samsung Korea is a foreign company doing business in the United States through Samsung America, and Samsung America and Samsung Korea are subject to personal jurisdiction in this District, have committed acts of patent infringement in this District, and have a regular and established place of business in this District.

15.    Defendants make, use, sell, offer to sell, and/or import infringing products and services into and/or within this District, maintain a permanent and/or continuing presence within this District, and/or have the requisite minimum contacts with this District such that this venue is

a fair and reasonable one.  On information and belief, Defendants have transacted and, at the
time of the filing of the Complaint, are continuing to transact business within this District.

16.     On information and belief, Defendants have and continue to derive substantial
revenue from infringing acts in this District, including from the sale and use of Accused
Instrumentalities

## COGNIPOWER'S TECHNOLOGY

17.     CogniPower was established in or around 2009 to develop new, more efficient,
and agile approaches to power conversion and power management.  CogniPower is committed to
inventing better, more efficient power converters by re-examining accepted wisdom regarding
power converters in light of new control technology, improved components, new semiconductor
process technologies, and changing economics driven by energy cost and availability.

18.     CogniPower has developed industry-changing demand pulse regulation (DPR)
technology that dramatically improves the performance and efficiency of power converters.
CogniPower's DPR technology provides a demand pulse generated on the secondary side of a
power converter to control the power switch on the primary side to regulate the output
voltage/current.  This provides significant benefits, including higher efficiency, greater stability
and reliability, ease of manufacture, and reduction in size, cost, and energy loss.

19.     CogniPower owns the entire right, title, and interest in and to each of the
following patents, including the right to seek damages for past and ongoing infringement: U.S.
Reissue Patent Nos. RE47,031 ("the '031 Patent"), RE47,713 ("the '713 Patent"), RE47,714
("the '714 Patent"), RE49,157 ("the '157 Patent"), and RE49,425 ("the '425 Patent")
(collectively, the "CogniPower Patents").

20.     The '031 Patent, entitled "Power Converter With Demand Pulse Isolation," was duly and legally issued by the United States Patent and Trademark Office on September 4, 2018. The '031 Patent is valid and enforceable.  A true and correct copy of the'031 Patent is attached hereto as Exhibit 1.

21.     The '713 Patent, entitled "Power Converter With Demand Pulse Isolation," was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019. The '713 Patent is valid and enforceable.  A true and correct copy of the '713 Patent is attached hereto as Exhibit 2.

22.     The '714 Patent, entitled "Power Converter With Demand Pulse Isolation," was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019. The '714 Patent is valid and enforceable.  A true and correct copy of the '714 Patent is attached hereto as Exhibit 3.

23.     The '157 Patent, entitled "Power Converter With Demand Pulse Isolation," was duly and legally issued by the United States Patent and Trademark Office on August 2, 2022. The named inventors are William H. Morong and Thomas E. Lawson.  The '157 Patent is valid and enforceable.  A true and correct copy of the '157 Patent is attached hereto as Exhibit 4.

24.     The '425 Patent, entitled "Power Converter With Demand Pulse Isolation," was duly and legally issued by the United States Patent and Trademark Office on February 21, 2023. The '425 Patent is valid and enforceable.  A true and correct copy of the '425 Patent is attached hereto as Exhibit 5.

25.     The CogniPower Patents are reissues of U.S. Patent No. 9,071,152, which was originally issued on June 30, 2015 and claims priority to Provisional Application No.

61.667,473, filed on July 3, 2012, and Provisional Application No. 61/727,795, filed on November 19, 2012.

26.    The named inventors of the CogniPower Patents are William H. Morong and Thomas E. Lawson.

## SAMSUNG ADOPTS COGNIPOWER'S TECHNOLOGY

27.    In 2012, Samsung approached CogniPower with a "wish list" of new technology that Samsung needed to improve its products and enhance its competitive position in the marketplace.  CogniPower developed multiple proprietary prototypes, including prototypes embodying its DPR technology.  CogniPower demonstrated its technology to Samsung and provided Samsung with proprietary information, data, and schematics.

28.    In 2016, CogniPower requested that Samsung take a license before any further development effort would be undertaken to incorporate CogniPower's DPR technology into Samsung products.

29.    In 2019-2020, CogniPower made further presentations to Samsung regarding CogniPower's DPR technology and continued to offer Samsung a license.

30.    Samsung is not licensed or otherwise authorized to use CogniPower's patented technology.

## ACCUSED INSTRUMENTALITIES

31.    Defendants make, use, sell, and/or offer to sell in, and/or import into, the United States products that infringe one or more claims of the CogniPower Patents (the "Accused Instrumentalities").

32.    The Accused Instrumentalities include Defendants' products that comprise or otherwise implement power conversion, management and regulation technology using DPR technology.  Appendix A provides a non-exhaustive list of the Accused Instrumentalities.

33.    For example, as set forth in Appendix A, the Accused Instrumentalities include, but are not limited to, the following Samsung products: 15W Power Adapter, 25W USB-C Fast Charging Wall Charger, 35W Power Adapter Duo, 45W Power Adapter, and 65W Trio Adapter.

34.    The Accused Instrumentalities comprise certain controllers, such as GP801LS controllers from Diodes Inc. ("Diodes")[1], iW9801/iW70x controllers from Renesas Electronics Corporation (Dialog Semiconductor PLC) ("Dialog")[2], and/or SC1920C controllers from Power Integrations, Inc. ("Power Integrations")[3].

**COUNT I: INFRINGEMENT OF THE '031 PATENT**

35.    Defendants have infringed and continue to infringe the '031 Patent.  Appendix B details the manner in which the Accused Instrumentalities infringe this patent by way of an exemplary chart as illustrated through a representative example.  On information and belief, the Accused Instrumentalities are materially the same with respect to infringement of this patent.

**COUNT II: INFRINGEMENT OF THE '713 PATENT**

36.    Defendants have infringed and continue to infringe the '713 Patent.  Appendix C details the manner in which the Accused Instrumentalities infringe this patent by way of an

[1] https://www.chargerlab.com/teardown-of-samsung-25w-usb-c-fast-charger-ep-ta800/ (25W USB-C Fast Charging Wall Charger)

[2] https://www.chargerlab.com/teardown-of-samsung-45w-gan-charger-ep-t4510-us-version/ (45W Power Adapter)

[3] https://www.chargerlab.com/teardown-of-samsung-65w-trio-charger-2c1a/ (65W Trio Adapter)

exemplary chart as illustrated through a representative example. On information and belief, the Accused Instrumentalities are materially the same with respect to infringement of this patent.

### COUNT III: INFRINGEMENT OF THE '714 PATENT

37.    Defendants have infringed and continue to infringe the '714 Patent. Appendix D details the manner in which the Accused Instrumentalities infringe this patent by way of an exemplary chart as illustrated through a representative example. On information and belief, the Accused Instrumentalities are materially the same with respect to infringement of this patent.

### COUNT IV: INFRINGEMENT OF THE '157 PATENT

38.    Defendants have infringed and continue to infringe the '157 Patent. Appendix E details the manner in which the Accused Instrumentalities infringe this patent by way of an exemplary chart as illustrated through a representative example. On information and belief, the Accused Instrumentalities are materially the same with respect to infringement of this patent.

### COUNT V: INFRINGEMENT OF THE '425 PATENT

39.    Defendants have infringed and continue to infringe the '425 Patent. Appendix F details the manner in which the Accused Instrumentalities infringe this patent by way of an exemplary chart as illustrated through a representative example. On information and belief, the Accused Instrumentalities are materially the same with respect to infringement of this patent.

### NOTICE AND INFRINGEMENT

40.    Defendants had actual notice of the CogniPower Patents and/or their infringing activities since prior to and no later than the filing of the Complaint.

41.    Defendants have committed and continue to commit acts of direct infringement of the CogniPower Patents by making, using, selling, offering to sell, and/or importing in and into the United States, this State, and this District the Accused Instrumentalities.

42.     Defendants have been and are indirectly infringing the CogniPower Patents by actively inducing or contributing to the direct infringement by others of the CogniPower Patents, in the United States, this State, and this District.

43.     Defendants have induced and continue to induce their subsidiaries and affiliates, customers, and other third parties, such as resellers and end-consumers of Accused Instrumentalities, to directly infringe the CogniPower Patents by making, using, selling, offering to sell, and/or importing into the United States the Accused Instrumentalities through affirmative acts.

44.     The affirmative acts of inducement by Defendants include, but are not limited to, any one or a combination of encouraging and/or facilitating third-party infringement through the advertisement, marketing, and dissemination of the Accused Instrumentalities and their components; and creating and publishing promotional and marketing materials, supporting materials, product manuals, and/or technical support and information relating to the Accused Instrumentalities.

45.     Defendants specifically intended and were aware that the ordinary and customary use of the Accused Instrumentalities would infringe the CogniPower Patents.

46.     Defendants knew that the induced conduct would constitute infringement, and intended said infringement at the time of committing the aforementioned acts, such that those acts and conduct have been and continue to be committed with the specific intent to induce infringement, or to deliberately avoid learning of the infringing circumstances at the time those acts were committed, so as to be willfully blind to the infringement they induced.

47.     Defendants took active steps to encourage end users to use and operate the Accused Instrumentalities, despite knowing of the CogniPower Patents, in a manner they knew

directly infringes each element of the claims of the CogniPower Patents.  Further, Defendants provided product manuals and other technical information that cause their subsidiaries and affiliates, customers and other third parties to use and to operate the Accused Instrumentalities for their ordinary and customary use, such that Defendants' subsidiaries and affiliates, customers and other third parties have directly infringed the CogniPower Patents, through the normal and customary use of the Accused Instrumentalities.

48.    Defendants have contributed and continue to contribute to the infringement of their subsidiaries and affiliates, customers, and other third parties, such as resellers and end-consumers of Accused Instrumentalities, to directly infringe the CogniPower Patents by offering to sell, selling or importing within or into the United States, this State and this District a component of the Accused Instrumentalities, which constitutes a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

49.    Defendants knew and know that the component is especially made or adapted to infringe the CogniPower Patents.

50.    Therefore, Defendants are liable for infringement of the Asserted Patents and that infringement has been and continues to be willful in nature.

51.    CogniPower has incurred and will continue to incur substantial damages; and has been and continues to be irreparably harmed by Defendants' infringement.  Therefore, CogniPower is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre- and post-judgment interest, enhanced damages, attorney fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CogniPower respectfully requests that this Court:

A.      Enter judgment in favor of CogniPower that each of the CogniPower Patents is valid and enforceable;

B.      Enter judgment that Defendants have infringed one or more claims of the CogniPower Patents, in violation of the United States Code, including, without limitation, 35 U.S.C. § 271;

C.      Enter judgment that Defendants' infringement is or has been willful;

D.      Award CogniPower damages adequate to compensate CogniPower for Defendants' past infringement, and any continuing or future infringement through the date such judgment is entered, including prejudgment and post-judgment interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

E.      Increase damages awarded to CogniPower in this case to three times the damages amount found by the jury or assessed by the Court pursuant to 35 U.S.C. § 284;

F.      Declare this case exceptional and award CogniPower its reasonable attorney fees and costs incurred in bringing and prosecuting this action pursuant to 35 U.S.C. § 285;

G.      Enjoin Defendants and their subsidiaries, and their officers, agents, servants, employees, and all persons in active concert with any of the foregoing from further infringement of the CogniPower Patents; and

H.      Grant CogniPower all such other relief as the Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

CogniPower demands a jury trial on all issues so triable pursuant to Federal Rule of Civil Procedure 38 and other applicable law.


Date: April 10, 2023                    */s/ Robert Christopher Bunt*
                                        Robert Christopher Bunt

11

(Texas Bar No. 00787165)
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson Suite 418
Tyler Texas 75702
903-531-3535
rcbunt@pbatyler.com

Jason G. Sheasby
(*Pro Hac Vice* to be filed)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
310-203-7096
jsheasby@irell.com

Jonathan M. Lindsay
(Admitted in E.D. Tex.)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
949-760-5220
jlindsay@irell.com

Andrew Choung
(Admitted in E.D. Tex.)
Shawn Hansen
(*Pro Hac Vice* to be filed)
S. Desmond Jui
(*Pro Hac Vice* to be filed)
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6000
achoung@nixonpeabody.com
shansen@nixonpeabody.com
djui@nixonpeabody.com

Angelo J. Christopher
(*Pro Hac Vice* to be filed)
NIXON PEABODY LLP
70 West Madison Street, Suite 5200
Chicago, IL 60602
312-977-4400
achristopher@nixonpeabody.com

*Attorneys for Plaintiff CogniPower LLC*

12