[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

COGNIPOWER LLC,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.,

Defendants.

Case No. 2:23-cv-160 - JRG

**JURY TRIAL DEMANDED**

[redacted]

**COGNIPOWER'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................1

II. BACKGROUND ....................3

III. COGNIPOWER HAS GOOD CAUSE TO AMEND ITS INFRINGEMENT CONTENTIONS....................6

A. CogniPower Diligently And Timely Identified Additional Accused Products ........6

B. CogniPower's Amended Infringement Contentions Are Important....................7

C. Samsung Faces No Prejudice From CogniPower's Amendments ....................9

D. A Continuance Is Not Necessary ....................11

IV. CONCLUSION....................12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
359 F. Supp. 2d 558 (E.D. Tex. 2005)....................6

*Arbitron, Inc. v. Int'l Demographics Inc.*,
2009 WL 166555 (E.D. Tex. Jan. 16, 2009)....................9, 11

*Computer Acceleration Corp. v. Microsoft Corp.*,
503 F.Supp.2d 819 (E.D. Tex. 2007)....................5

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
2018 WL 574871 (E.D. Tex. Jan. 26, 2018)....................7, 9, 10

*GREE, Inc. v. Supercell Oy*,
2020 WL 7698831 (E.D. Tex. Dec. 28, 2020)....................7

*Harris Corp. v. Huawei Device USA*,
2019 WL 4247067 (E.D. Tex. Sept. 9, 2019)....................6, 11

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
797 F.3d 1025 (Fed. Cir. 2015)....................6

*Linex Techs., Inc. v. Belkin Int'l, Inc.*,
628 F.Supp.2d 703 (E.D. Tex. 2008)....................5

*MacLean-Fogg Co. v. Eaton Corp.*,
2008 WL 4601476 (E.D. Tex. Oct. 6, 2008)....................12

*Mediostream, Inc. v. Microsoft Corp.*,
2010 WL 4118589 (E.D. Tex. Oct. 18, 2010)....................6, 8

*Motion Games, LLC v. Nintendo Co.*,
2015 WL 1774448 (E.D. Tex. Apr. 16, 2015)....................8

*Realtime Data, LLC v. Actian Corp.*,
2016 WL 9340797 (E.D. Tex. Aug. 11, 2016)....................12

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
315 F.3d 533 (5th Cir. 2003)....................6

# TABLE OF DEFINITIONS

| | |
|---|---|
| CogniPower | Plaintiff CogniPower LLC |
| Samsung | Samsung Korea and Samsung America |
| Samsung Korea | Defendant Samsung Electronics Co., Ltd. |
| Samsung America | Defendant Samsung Electronics America, Inc. |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| 031 Patent | U.S. Reissue Patent No. RE47,031 |
| 713 Patent | U.S. Reissue Patent No. RE47,713 |
| 714 Patent | U.S. Reissue Patent No. RE47,714 |
| 157 Patent | U.S. Reissue Patent No. RE47,157 |
| 425 Patent | U.S. Reissue Patent No. RE49,425 |
| Asserted Patents | 031 Patent, 713 Patent, 714 Patent, 157 Patent, and 425 Patent |
| Infringement Contentions | P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions |

**TABLE OF EXHIBITS**

| Ex. No. | Description |
|---|---|
| 1. | CogniPower's Infringement Contention (cover pleading) (September 8, 2023) |
| 2. | CogniPower's Infringement Contention, Appendix A, Accused Instrumentalities (September 8, 2023) |
| 3. | CogniPower's Infringement Contention, Appendix B, RE47,031 Claim Chart (September 8, 2023) |
| 4. | CogniPower's Infringement Contention, Appendix C, RE47,713 Claim Chart (September 8, 2023) |
| 5. | CogniPower's Infringement Contention, Appendix D, RE47,714 Claim Chart (September 8, 2023) |
| 6. | CogniPower's Infringement Contention, Appendix E, RE47,157 Claim Chart (September 8, 2023) |
| 7. | CogniPower's Infringement Contention, Appendix F, RE49,425 Claim Chart (September 8, 2023) |
| 8. | August 14, 2023 Letter from Samsung to CogniPower |
| 9. | August 28, 2023 Letter from CogniPower to Samsung |
| 10. | September 7, 2023 Letter from CogniPower to Samsung |
| 11. | CogniPower's Infringement Contention (cover pleading) (September 8, 2023) showing the redlined changes from CogniPower's original Infringement Contentions |
| 12. | CogniPower's Infringement Contention, Appendix A, Accused Instrumentalities (September 8, 2023) showing the redlined changes from CogniPower's original Infringement Contentions |
| 13. | CogniPower's Infringement Contention, Appendix B, RE47,031 Claim Chart (September 8, 2023) showing the redlined changes from CogniPower's original Infringement Contentions |
| 14. | CogniPower's Infringement Contention, Appendix C, RE47,713 Claim Chart (September 8, 2023) showing the redlined changes from CogniPower's original Infringement Contentions |
| 15. | CogniPower's Infringement Contention, Appendix D, RE47,714 Claim Chart |

| | |
|---|---|
| | (September 8, 2023) showing the redlined changes from CogniPower's original Infringement Contentions |
| 16. | CogniPower's Infringement Contention, Appendix E, RE47,157 Claim Chart (September 8, 2023) showing the redlined changes from CogniPower's original Infringement Contentions |
| 17. | CogniPower's Infringement Contention, Appendix F, RE49,425 Claim Chart (September 8, 2023) showing the redlined changes from CogniPower's original Infringement Contentions |
| 18. | September 15, 2023 Letter from Samsung to CogniPower |

# I. INTRODUCTION

Pursuant to P.R. 3-6(b), CogniPower respectfully seeks leave to amend its Infringement Contentions. On July 27, 2023, CogniPower served its original Infringement Contentions. On August 14, 2023, Samsung demanded CogniPower cure alleged deficiencies in the Infringement Contentions. Ex. 8. On August 28, 2023, CogniPower provided a response, which explained that CogniPower's Infringement Contentions are compliant with P.R. 3 and this Court's requirements and pointed out that Samsung had failed to identify any deficiencies that CogniPower could cure without discovery. Ex. 9.

As CogniPower had explained, its Infringement Contentions are based on publicly available or accessible information and materials without the benefit of discovery. For example, CogniPower was able to access teardowns by a third party (ChargerLabs) of certain products. *See, e.g.*, Ex. 1 at 4-5. CogniPower also conducted its own teardowns on four Samsung branded chargers. Ex. 1 at 5. But, as Samsung acknowledges, there are many different products, controller chips, and suppliers, and Samsung does not publish the internal components or structures of the power circuits in its products. Indeed, Samsung maintains its component suppliers as confidential. Dkt. 50-6 (Ex. 5) at 12-16.

On September 6, 2023, the parties conferred telephonically. During that call, Samsung demanded that CogniPower supplement its listing of Accused Products (Appendix A) with additional product names and/or model numbers. *See* Ex. 8 at 1-2. But Samsung puts the cart before the horse. As CogniPower explained, it cannot accurately add unknown products for which it currently does not have any visibility. This is a problem created by Samsung's refusal to provide discovery on the accused products. The Patent Rules do not impose such a catch-22.

On September 8, 2023, in response to various Samsung requests, CogniPower served an amended set of Infringement Contentions. *See* Exs. 1-7 (clean versions) and Exs. 11-17 (redline

comparison). The amendments cover the additions requested by Samsung, as well as correction of minor, inadvertent typographical and citation errors.

- Addition of products that appear in a public internet search of Samsung branded charger and appliance/equipment products. Ex. 12.

- Deletion of Claim 64 of the 031 Patent and its corresponding claim chart. Ex. 11 at 1.[1]

- Correction of the bates number citation for the [redacted] controller (from CP0010476 to CP0040513). Ex. 11 at 4; Ex. 13 at B25; Ex. 14 at C25; Ex. 15 at D25; Ex. 16 at E 25; Ex. 17 at F24.

- Correction of omitted cited text from CP0040513. Ex. 16 at Claim 22; Ex. 17 at Claim 28 and Claim 33.

Specifically, on September 7, 2023, ahead of serving its amended Infringement Contentions, CogniPower warned Samsung that its search results for additional Samsung branded products would be without the benefit of visibility into the internal components and circuits of those products or any discovery. *See* Ex. 10. Despite knowing this and still demanding that CogniPower supplement the product listing, Samsung subsequently complained that some of the additionally identified products are not relevant/accurate. Ex. 18. But Samsung did not provide CogniPower with any confirming discovery. While Samsung complains that there are differences across the accused products and controller, it does not explain how that affects charting of the accused power circuitry or provide any documentation. Indeed, that is precisely the point. Discovery is needed to test the veracity of Samsung's assertions.

Good cause supports CogniPower's amendments. CogniPower's original Infringement Contentions were timely and compliant. CogniPower's amendments address issues raised by Samsung with the publicly available information at CogniPower's disposal. The changes are

[1] Samsung complained that this claim was disclaimed during the prior IPRs. To avoid unnecessary dispute, CogniPower dropped this claim.

important because they address alleged deficiencies raised by Samsung. There is no prejudice to Samsung because Samsung was already on sufficient notice of CogniPower's infringement theories, Samsung requested the amendments, the amended Infringement Contentions were served well before the start of claim construction, and they do not affect the scope of Samsung's invalidity contentions.

## II. BACKGROUND

On July 27, 2023, CogniPower timely served its Infringement Contentions in compliance with P.R. 3-1 and 3-2 and the Court's Docket Control Order, Dkt. 23. CogniPower identified accused products, including all Samsung branded or manufactured chargers with fast-charging capability, as well as heavy consumer appliances or equipment, e.g., freezer/refrigerators and air-conditioning units, by model name and number, where available. Ex. 1 at 2, 5; Ex. 2. CogniPower identified that these products include controllers, such as those developed by Samsung or from [redacted]. Ex. 1 at 2-3. CogniPower further described representative accused instrumentalities with reference to both public and internal teardowns of 15W, 25W, 35W, 45W and 65W chargers, and provided the details, including photos, of the teardowns. *Id.* at 2, 4-5.

CogniPower believes that these products implement power conversion, management and/or regulation using demand pulses and include, but are not limited to, those products listed in Appendix A and those products that operate in a substantially similar manner. *Id.* at 2, 5-6. CogniPower explained that the Accused Instrumentalities include instrumentalities substantially similar to the named products, including products that may incorporate controllers from other suppliers that operate in a substantially similar manner. *Id.* CogniPower further explained that the Accused Instrumentalities may be provided in a variety of configurations, embodiments, or combinations of the claimed components; and may incorporate various controller circuits or

chips and other circuit elements. *Id.* at 3-4. Different models may incorporate the same or different controllers, chips and circuit elements as identified. *Id.* at 4. CogniPower provided a specific listing of the component names and numbers where known, including: [redacted]. *Id.* at 2, 4. CogniPower further explained that the Accused Instrumentalities utilize the same or substantially similar technology as presented in the charts, such that the charts are representative of the manner of infringement by each accused instrumentality. Ex. 1 at 5.

On August 14, 2023, Samsung sent a letter to CogniPower alleging deficiencies in its Infringement Contentions. Ex. 8. On August 28, 2023, CogniPower responded with a fulsome explanation and addressed each of the issues raised. Ex. 9. On September 6, 2023, the parties conferred telephonically. CogniPower explained that its identification of accused products and their components, including names and model numbers where known, was based on CogniPower's investigation of publicly available information.

As CogniPower has repeatedly pointed out, datasheets for many of the components in Samsung's products are not publicly available. Further, even product teardowns are not necessarily sufficient to identify all of the components. For example, CogniPower discovered that Samsung etches off or removes the make, model and/or number identifier of some components. Thus, CogniPower's identification of Accused Instrumentalities was as specific as possible based on the available information. However, Samsung demanded that CogniPower list additional products. On September 7, 2023, CogniPower responded to Samsung's request that it supplement additional product identification. Ex. 10. Despite the lack of visibility into the

internal components and circuits of Samsung products, to avoid unnecessary dispute, CogniPower agreed to list additional Samsung branded charger and appliance/equipment products that appear in a public search. Ex. 10 at 1. On September 8, 2023, CogniPower served a corrected and supplement set of Infringement Contentions. Ex. 1-7.

On September 13, 2023, Samsung filed a motion to compel CogniPower to amend its Infringement Contentions. Dkt. 49. But as CogniPower explained in its response (Dkt. 57), Samsung essentially demands that CogniPower marshal all of its *evidence* of infringement. That is not the purpose of P.R. 3-1. Infringement contentions serve as *notice*. *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D. Tex. 2007); *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F.Supp.2d 703, 706 (E.D. Tex. 2008). CogniPower's infringement contentions provide that notice by disclosing CogniPower's infringement theories for the accused power circuitry, regardless of the type of product. But in its response, CogniPower stated its willingness to further supplement its Infringement Contentions once Samsung provides the full scope of discovery in this case. Dkt. 57 at 15.

On September 15, 2023, Samsung sent a letter demanding that CogniPower seek leave for its amended Infringement Contentions and objecting to the identification of certain of the added products. Ex. 18. But those products were added at Samsung's request. CogniPower explained that it did not have public access to the internal configuration of those additional products. Moreover, Samsung has still not provided discovery, e.g., controller model names and numbers, engineering schematics, engineering reports, and analyses and other technical information. Thus, CogniPower has no basis from which to assess Samsung's objections regarding the additionally listed products. To the extent Samsung argues that certain listed Accused Products are not accurate, that is not a threshold requirement for finding good cause.

## III. COGNIPOWER HAS GOOD CAUSE TO AMEND ITS INFRINGEMENT CONTENTIONS

The purpose of infringement contentions under P.R. 3-1 is to put the infringer on reasonable notice of plaintiff's infringement theories. *Harris Corp. v. Huawei Device USA*, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 9, 2019). The local rules do not envision that the parties are required to litigate the case on its contentions. *Id.* "It is expected that during the course of discovery, infringement contentions may be clarified or refined." *Id.* Under P.R.3-6(b), leave to amend or supplement may be granted "upon a showing of good cause." Courts consider four factors: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (*quoting Alexsam Inc. v. IDT Corp.*, 2011 WL 108725, at *1 (E.D. Tex. Jan 12, 2011)); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

### A. CogniPower Diligently And Timely Identified Additional Accused Products

CogniPower timely served its original Infringement Contentions. They were prepared "to the best of its current ability" without the benefit of discovery. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560–61 (E.D. Tex. 2005)("[T]here are times when plaintiffs' preparation is restricted by the defendants' sole possession of the information plaintiff needs" and plaintiffs are only required to provide contentions under P.R. 3-1(c) "to the best of its current ability"). CogniPower's original Infringement Contentions gave Samsung fulsome notice of its infringement theories and contentions.

CogniPower was also diligent in responding to Samsung's complaints of deficiency and requests for supplementation. *See, e.g., Mediostream, Inc. v. Microsoft Corp.*, 2010 WL

4118589, at *2 (E.D. Tex. Oct. 18, 2010) ("This Court will not punish Plaintiff for attempting to avoid opposed motion practice by diligently working with [defendant] to amend its infringement contentions by agreement."). CogniPower carefully considered and responded to Samsung's August 14, 2023 letter within two weeks. Ex. 9. CogniPower further engaged in discussions with Samsung regarding the alleged deficiencies in the Infringement Contentions. CogniPower then served its amended Infringement Contentions within two days of the parties' conference.

CogniPower provided Samsung with an explanation of the limits of the public search for additional products requested by Samsung. Ex. 10. That supplementation was invited by Samsung. Ex. 8 at 1-2. Notably, since the search requested by Samsung simply identifies products that appear under the categories enumerated by Samsung, this is information that Samsung already and has always possessed. CogniPower also provided Samsung with advance notice of the citation and typographical corrections. In sum, CogniPower served its amended Infringement Contentions within less than a month and a half of its original service, during which time it diligently sought to confer with Samsung and address the issues raised by Samsung to reach a joint resolution.

### B. CogniPower's Amended Infringement Contentions Are Important

CogniPower's amended Infringement Contentions are important to a full and fair resolution of the case. Judicial economy weighs in favor of allowing the amendments that facilitate comprehensive discovery and litigation concerning the accused products identified in the Infringement Contentions. *See GREE, Inc. v. Supercell Oy*, 2020 WL 7698831, at *3 (E.D. Tex. Dec. 28, 2020) (noting that "[f]or the sake of judicial economy, it would be very advantageous to include the amended infringement contentions to avoid another suit."); *see, e.g.*, *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2018 WL 574871, at *3 (E.D. Tex. Jan. 26, 2018) (finding that "judicial efficiency weighs in favor of leave so all accused products alleged to

infringe under the same infringement theory can be considered in the same proceeding.”).

In this District, the plaintiff may amend its infringement contentions when such amendments are deemed important. *See Mediostream*, 2010 WL 4118589, at *2 (finding “[w]ithout leave to amend, [plaintiff] will be unable to accuse the [additional] products in this litigation.”). Here, the addition of products is at the request of Samsung. Moreover, Samsung stated that it would not provide discovery because “[w]ithout a more particularized identification, it is our understanding that no other products have been put at issue by CogniPower.” Ex. 8 at 2. CogniPower does not agree with Samsung’s position. As CogniPower explained in its response, Dkt. 57, to Samsung’s recent motion, it is entitled to discovery of the full scope of infringing Samsung products. In particular, CogniPower is entitled to relevant non-public information to confirm the further identifications of the accused products that Samsung requested it to make. This is a problem of Samsung’s own making by refusing to provide discovery on the accused products. CogniPower’s identification of accused products and their components, including names and model numbers where known, was based on CogniPower’s investigation of publicly available information to help ensure that Samsung is on notice of the accused infringement. *See Motion Games, LLC v. Nintendo Co.*, 2015 WL 1774448, at *2 (E.D. Tex. Apr. 16, 2015) (“Infringement contentions . . . serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim.”).

The scope of the additional Accused Products is consistent with the scope defined in CogniPower’s original Infringement Contentions as “All Samsung branded or manufactured air-conditioning units,” “All Samsung branded or manufactured freezer/refrigerators,” and “All Samsung branded or manufactured chargers with fast-charging capability,” including controller

chips supplied at least by Samsung or from [redacted]. Ex. 2. Ex. 1 at 2-3. Excluding the additional products would be unfair since Samsung was the party demanding it and refuses to provide discovery without the additional identification. It would also be inefficient and result in duplicative litigation under the same infringement theory. *See, e.g.*, *CyWee*, 2018 WL 574871, at *2 (holding motion is granted to amend infringement contentions to add additional products where "the Court concludes CyWee is not changing its infringement theory relative to its preliminary infringement contentions."). Samsung's objection to the accuracy of the identification is not relevant to this factor. In determining the importance factor, the court "need not analyze the strength of plaintiff's infringement contentions as part of the good cause determination." *Arbitron, Inc. v. Int'l Demographics Inc.*, 2009 WL 166555, at *2 (E.D. Tex. Jan. 16, 2009). The merits of infringement, and any dispute thereto, should be borne out by discovery.

As to the minor, inadvertent typographical and citation corrections included in the amendments, Samsung raises no objections. These are important to ensure accurate citation and disclosure. They do not alter any aspect of the infringement theory.

### C. Samsung Faces No Prejudice From CogniPower's Amendments

CogniPower's amendments do not prejudice Samsung. CogniPower contends that the accused instrumentalities use demand pulse technology. Ex. 1 at 2. CogniPower's Infringement Contentions give Samsung notice of the theories of how products with the accused demand pulse power circuitry infringe the Accused Patents disclosing demand pulse technology. *The mapped power circuitry and alternative configurations show that the accused products have the same or similar circuit structures, components and functionalities.* On this basis, CogniPower gave notice to Samsung that the charting of the claims elements is substantially the same across the accused instrumentalities and the comparisons made in its contentions are representative of, and

apply to, all accused and reasonably similar instrumentalities and their configurations and implementations. Ex. 1 at 5; *see, e.g.*, Ex. 3 at B34. CogniPower provided a specific listing of the component names and numbers where known, including: [redacted]. Ex. 1 at 2, 4; *see also* Dkt. 57 at 1-5.

As its own prior motion indicates, Samsung acknowledges and understands all of this. Dkt. 49 at 2-6. Notably, Samsung has not seriously alleged that it does not understand CogniPower's infringement theories and contentions. To the contrary, Samsung understands "that various controller chips supplied by a wide range of different companies read on" the asserted claims. *Id.* at 3. Indeed, Samsung states its understanding of the "specific technical details and implementations for switched mode power converters." *Id.* at 2.

Therefore, Samsung is on notice of the scope and nature of the accused products and infringement in this case. Importantly, Samsung has sufficient notice to provide discovery on products that use the same or substantially similar demand pulse circuitry, chips and components, including a listing of such products and circuits and their technical specifications. Samsung is withholding this discovery, while simultaneously demanding that CogniPower accurately "identify" additional products and circuits. Samsung's catch-22 demand is unreasonable.

Samsung is in possession of proprietary information to determine which products have the same or similar functionalities as the accused representative circuitry (e.g., same or similar power controllers). Samsung does not claim that it is unable to search for the relevant information in its possession. The additionally identified products (and minor corrections) do not change CogniPower's infringement theories or claims. *CyWee*, 2018 WL 574871, at *2

(finding "little, if any, prejudice [when a plaintiff] is not changing its infringement theory relative to its preliminary infringement contentions."). The scope of the additionally identified products are included within the original Infringement Contentions and CogniPower's diligent cooperation with Samsung minimized prejudice suffered as a result of the amendments. Any further accuracy determination or correction to the identified Accused Products may be made after CogniPower has had a chance to inspect the discovery from Samsung. Samsung's objections to the accuracy of the identified Accused Products are not only irrelevant to the good cause determination but also premature. *Arbitron*, 2009 WL 166555, at *2.

In addition, any alleged prejudice has been minimized due to the early stage of the case. *See Harris Corp.*, 2019 WL 4247067, at *3 ("[T]he Court finds that there is little, if any, prejudice [to defendant] in granting leave. The case is still at an early stage—the Markman hearing has not occurred, discovery has not been completed, and the deadline for disclosing experts has not passed."). CogniPower served its amended Infringement Contentions on September 8, 2023. Samsung's invalidity contentions are not due until November 2, 2023 (P.R. 3-3 and 3-4(b)) and November 27, 2023 (P.R. 3-4(a)). Dkt. 53. Fact discovery does not close until August 30, 2024. Dkt. 34. Claim construction does not start until March 14, 2024. *Id.* The expert disclosure deadline is not due until September 30, 2024. *Id.* Further, Samsung has already been aware of the additional accused products since September 7. 2023 and relied on them for its own motion to the Court. Dkt. 49.

**D. A Continuance Is Not Necessary**

No continuance is necessary especially at this early stage of the case. Indeed, Samsung has already obtained any needed continuance for its invalidity contentions as discussed above. There is more than enough time in the case schedule as it has been set by the Court. In cases like this, where there is no prejudice to the opposing party, the Court does not need to contemplate

the availability of a continuance. *MacLean-Fogg Co. v. Eaton Corp.*, 2008 WL 4601476, at *2-3 (E.D. Tex. Oct. 6, 2008) ("The absence of prejudice eviscerates the need for a continuance."). *See Realtime Data, LLC v. Actian Corp.*, 2016 WL 9340797, at *4 (E.D. Tex. Aug. 11, 2016) (noting that "[b]ecause Defendants will not be prejudiced by Plaintiff's amended infringement contentions, there is no need for a continuance here.").

## IV. CONCLUSION

CogniPower respectfully requests that the Court grant its motion for leave.

Date: October 2, 2023

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
(Texas Bar No. 00787165)
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson Suite 418
Tyler Texas 75702
903-531-3535
rcbunt@pbatyler.com

Jason G. Sheasby
(*Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
310-203-7096
jsheasby@irell.com

Jonathan M. Lindsay
(Admitted in E.D. Tex.)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
949-760-5220
jlindsay@irell.com

Andrew Choung
(Admitted in E.D. Tex.)
Shawn Hansen
(admitted *Pro Hac Vice*)
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100

Los Angeles, CA 90071
213-629-6000
achoung@nixonpeabody.com
shansen@nixonpeabody.com

Angelo J. Christopher
(admitted *Pro Hac Vice*)
NIXON PEABODY LLP
70 West Madison Street, Suite 5200
Chicago, IL 60602
312-977-4400
achristopher@nixonpeabody.com

*Attorneys for Plaintiff CogniPower LLC*

## CERTIFICATE OF CONFERENCE

I certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that this is an opposed motion.

*/s/ Robert Christopher Bunt*

ROBERT CHRISTOPHER BUNT

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on October 2, 2023, pursuant to Local Rule CV-5(a) and has been served on all counsel via electronic mail.

*/s/ Robert Christopher Bunt*

ROBERT CHRISTOPHER BUNT

## CERTIFICATE OF AUTORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Robert Christopher Bunt*

ROBERT CHRISTOPHER BUNT