**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COGNIPOWER LLC, | § |
| *Plaintiff,* | § |
| | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO.  2:23-CV-00160-JRG |
| SAMSUNG ELECTRONICS CO., LTD. and | § |
| SAMSUNG  ELECTRONICS  AMERICA, | § |
| INC., | § |
| | § |
| *Defendants.* | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff CogniPower LLC's ("CogniPower") Motion for Leave to Amend Infringement Contentions (the "Motion"). (Dkt. No. 58.) Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") oppose the Motion. (*See generally* Dkt. No. 65.) Having considered the briefing and corresponding arguments, the Court is of the opinion that the Motion should be **GRANTED**.

## I.    BACKGROUND

CogniPower filed this patent infringement case on April 10, 2023, asserting that Samsung infringes U.S. Reissue Patent Nos. RE47,031 ("the '031 Patent"), RE47,713 ("the '713 Patent"), RE47,714 ("the '714 Patent"), RE49,157 ("the '157 Patent"), and RE49,425 ("the '425 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1 at 4.) On July 27, 2023, CogniPower served infringement contentions asserting 190 claims across the five Asserted Patents. (Dkt. No. 45-1.) The infringement contentions identified the following as "Accused Instrumentalities" in Appendix A:

- "[a]ll Samsung branded or manufactured chargers with fast-charging capability, including but not limited to: [13 named examples],"

- "[a]ll Samsung branded or manufactured freezer/refrigerators, including but not limited to: [2 named examples]," and
- "[a]ll Samsung branded or manufactured air-conditioning units, including but not limited to: [1 named example]."

(*Id.* at 21.) CogniPower believes that the accused products implement power conversion, management, and/or regulation using demand pulses and include, but are not limited to, those products listed in Appendix A. (Dkt. No. 58 at 3.) The infringement contentions assert that the accused instrumentalities include those substantially similar to the named products. (*Id.*, citing Dkt. No. 58-1 at 2, 5–6.)

On August 14, 2023, Samsung sent CogniPower a letter alleging deficiencies in its infringement contentions. (Dkt. No. 58-8 (Samsung complaining of, *inter alia*, the lack of specificity utilized in identifying the accused products and stating "[t]o the extent CogniPower contends that any models beyond those specifically listed…are accused, you were required to list them by name or model number. Having not done so, CogniPower's identifications reach only the 16 products specifically named in Appendix A.").) On August 28, 2023, CogniPower responded. (*See* Dkt. No. 58-9.) On September 6, the parties conferred telephonically—CogniPower refused to identify any additional products at that time. (Dkt. No. 65 at 3.) The next day, however, CogniPower agreed to "supplement its [list] to identify additional names/models of Samsung branded USB chargers, freezers/refrigerators and air conditioners that appear in a search of public records, e.g., the internet." (Dkt. No. 65-5.)

On September 8, 2023, CogniPower served the amended infringement contentions at issue. (Dkt. Nos. 58-1 through 58-7.) In them, CogniPower identified 61 additional products (in addition to the 16 products specifically identified in the original infringement contentions). (Dkt. No. 65 at 3.) The amended contentions further address "corrections of minor, inadvertent typographical and citation errors." (Dkt. No. 58 at 2.) Specifically, the amendment covers the following:

- Addition of products that appear in a public internet search of Samsung branded charger and appliance/equipment products. [Dkt. No. 58-12.]
- Deletion of Claim 64 of the 031 Patent and its corresponding claim chart. [Dkt. No. 58-11 at 1.]
- Correction of the bates number citation for the Dialog iW9801 controller (from CP0010476 to CP0040513). [Dkt. No. 58-11 at 4; Dkt. No. 58-13 at B25; Dkt. No. 58-14 at C25; Dkt. No. 58-15 at D25; Dkt. No. 58-16 at E 25; Dkt. No.58-17 at F24.]
- Correction of omitted cited text from CP0040513. [Dkt. No. 58-16 at Claim 22; Dkt. No. 58-17 at Claim 28 and Claim 33.]

(*Id.*) Samsung appears to oppose only the newly identified products, and does not address the correction of typographical and citation errors. (*See generally* Dkt. Nos. 65, 78.)

On September 15, Samsung sent a letter detailing its issues with the proposed supplement. (Dkt. No. 65-2.) As detailed below, Samsung complained that certain identified products did not appear to be Samsung products, that certain identified products did not appear to have been offered or sold in the U.S., and that the "catch-all" language remaining in the amended contentions was improper. (*Id.* at 1–3.) CogniPower did not respond to the September 15 letter, but indicated in its opposition brief to Samsung's motion to compel additional claim charts that it would shortly be filing its motion for leave to amend. (Dkt. No. 57 at 15, filed September 27, 2023.) On September 29, Samsung sent CogniPower an email concerning the issues it had previously raised, suggesting a meet-and-confer. (Dkt. No. 65-3.) CogniPower did not respond, filing the present Motion on October 2, 2023. (*See* Dkt. No. 65 at 8; *see also* Dkt. No. 58.)

## II.    LEGAL STANDARD

"Local Patent Rule 3-1 requires a party claiming infringement to identify each accused product in its infringement contentions." *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (quoting *Tivo Inc. v. Samsung Elecs. Co.*, No. 2:15-CV-1503-JRG, 2016 WL 5172008, at *1 (E.D. Tex. 2016)). The purpose of infringement contentions under P.R. 3-1 is to put the infringer on reasonable notice of

plaintiff's infringement theories. *Harris Corp. v. Huawei Device USA*, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 9, 2019). "It is expected that during the course of discovery, infringement contentions may be clarified or refined." *Id.* Under P.R.3-6(b), leave to amend or supplement may be granted "upon a showing of good cause." Courts consider four factors: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (internal quotations omitted).

## III.    DISCUSSION

Samsung argues that CogniPower's Motion should be denied for two independent reasons: first, that the amended identification of products does not comport with P.R. 3-1(b); and second, that CogniPower does not have good cause to amend its infringement contentions to identify products for which there is no apparent factual or legal basis to accuse of infringing. (Dkt. No. 65 at 9–10.)

### A. CogniPower's Identification of Accused Products in Proposed Supplement Does Not Preclude Amendment of Infringement Contentions

Samsung makes three principal arguments regarding the impropriety of the proposed amended infringement contentions before it reaches the good cause analysis. The Court addresses each in turn.

First, Samsung complains that CogniPower seeks to add products to the case that are self-evidently not Samsung products—they are sold or offered by brands/companies called "HJPowcord," "Celux," "Pukiou," or "Aksenli." (Dkt. No. 65 at 4.) In its September 15 letter, Samsung identified 16 such products that "either do not appear to be Samsung products and/or it is unclear from the information provided in [the amended contentions] what Samsung product

4

CogniPower is referring to." (Dkt. No. 65-2 at 2–3.) For example, Samsung points out that a Google search on September 15, 2023 for "18W Fast Charger for Samsung Galaxy A51 A21 S10 S10e,a71 A72 A52 5G A31 A41 S20 Fe 5G A30 A42 A20s,s9 S8,Nokia 6.2 7.2 8.3 7.1,Quick Charge 3.0 USB," returned an Amazon page showing this to be a product offered from a company called "HJPowcord."[1] (Dkt. No. 58 at 4, citing Dkt. No. 58-2 at 1; Dkt. No. 58-7.) This product appears on Newegg.com and is listed as a "CELUX" product.[2] (*Id.*) Samsung contends that the same publicly available information that CogniPower relied upon demonstrates that CogniPower has no basis to suggest that these are Samsung products. (*Id.*) In Samsung's view, CogniPower cannot shift the blame to Samsung by arguing that any "accuracy determination or correction" may be made after discovery. (*Id.*) Samsung urges that "no discovery should be needed to prevent CogniPower from doing something it was not supposed to do in the first place." (*Id.* at 13.)

Second, Samsung argues that the proposed amendment adds products for which it appears CogniPower had no basis to allege were sold or available in the US. (*Id.* at 6–7.) For example, the "EP-TA200 V2" charger CogniPower listed does not have a US compatible wall plug. (*Id.*, citing Dkt. No. 65-12.) Samsung argues that the teardown report that CogniPower itself relied on in its contentions (*see* Dkt. No. 58-1 at 4 n.2) explains that this product is "mainly used in most countries in the EU and India." (Dkt. No. 65 at 7, citing Dkt. No. 65-12.) Samsung identified 10 products in the proposed supplemental list that it urges "do not appear to be made, sold, offered, or otherwise

---

[1] The Amazon product page is no longer available on the live internet. (Dkt. No. 65 at 4.)

[2] Samsung describes two more examples of such products in the briefing. (*Id.* at 4–6.) Samsung identifies the "USB C Box Fast Wall Charger for Samsung Galaxy A14 5G/S23/S22 Ultra/S21 Fe 5G/A13/A54/A03s/S21/A53/A23/Z Fold 5 4/S20FE/A12,Pad,Google Pixel 7A 7 6" product, which Samsung notes appears on Amazon.com as a "Pukiou" brand product, and contains the "Google Pixel" brand in the product name. (*Id.* at 5, citing Dkt. No. 65-10.) Samsung argues that this demonstrates the product is a third-party device meant to be compatible with numerous brand devices, including Samsung, Google, and "Pad" devices. (*Id.*) Additionally, Samsung notes that certain of the charger products expressly state in the name that they are made to be "compatible" with Samsung products and other products, like an identified "Akseni" brand charger. (*Id.* at 6, citing Dkt. No. 65-11.)

available by or from the defendants in the United States." (*Id.*, citing Dkt. No. 65-1 at 2–3.) Samsung contends it is unclear what basis there is for accusing these products, as there can be no infringement liability for such products. (*Id.* at 13, citing 35 U.S.C. § 271 (requiring that infringement occur "within the United States").)

Third, Samsung urges that CogniPower refused to remove improper "catch-all" language in its supplemental P.R. 3-1(b) listing. (*Id.* at 7–8.) The contentions as amended still purport to accuse "[a]ll Samsung branded or manufactured chargers with fast-charging capability," "[a]ll Samsung branded or manufactured freezer/refrigerators," and "[a]ll Samsung branded or manufactured air-conditioning units." (*Id.* at 10, citing Dkt. No. No. 58-12.) Samsung argues that the use of catch-all language has repeatedly been rejected in this District to identify accused products under P.R. 3-1(b). (*Id.* at 10–11, citing, *inter alia*, *Mobile Telecom. Tech., LLC v. Sprint Nextel Corp.*, Case No. 2:12-cv-832, ECF No. 152 at 3 (E.D. Tex. Apr. 25, 2014) ("[plaintiff] simply appending the words 'but not limited to' in its identification of devices cannot excuse it from its obligations under the local patent rules and, thus, has no legal effect").) Specifically, Samsung contends that this language is especially problematic here because, taken at face value, it would cover (1) products that CogniPower has already represented are not accused (i.e., wireless chargers) (*see* Dkt. No. 58-2 at 4) and (2) products that pre-date the priority date of the asserted patents and would invalidate the asserted claims.[3] (Dkt. No. 58 at 8.)

In response, CogniPower notes Samsung's complaints and responds that "Samsung requested that CogniPower search for and list more…products. Even though CogniPower did not have visibility…absent discovery (and informed Samsung of this), to avoid further dispute,

---

[3] Samsung notes that it "has been selling refrigerators, for example, in the United States since long before the priority date of the asserted patents" and that if all such products are accused, CogniPower's allegations "necessarily render all asserted claims invalid under at least pre-AIA 35 U.S.C. § 102(b)." (*Id.* at 11.)

CogniPower did just that." (Dkt. No. 76 at 1.) CogniPower argues, for example, that the three charger products that Samsung identifies in its opposition do not reveal that those products aren't Samsung products. (*Id.*) It contends that it is not uncommon for third parties to sell products similar to branded products, noting that "Samsung's own U.S.-facing web-site advertises these same chargers." (*Id.*) CogniPower further argues that the fact that one air conditioner product is sold in Africa, and the fact that one charger product is mainly used outside the U.S., does not preclude these products from being made, sold, or imported into the U.S. (*Id.* at 1–2, citing Dkt. No. 65 at 7.) In any case, CogniPower points out that Samsung's arguments go to infringement and liability issues rather than sufficiency of notice. (*Id.* at 2.)

The Court finds that the first two arguments Samsung raises (CogniPower's identification of purported non-Samsung products and products allegedly not sold in the U.S.) are infringement and liability issues—these are a matter of evidence to be developed and clarified via discovery. Much of CogniPower's argument revolves around the lack of technical discovery and the inherent difficulty of identifying infringing products where Samsung does not publish the internal power circuits of its products, resulting in a lack of "visibility." (*See*, *e.g.*, Dkt. No. 76 at 1.) The Court agrees that the merits of the infringement claims should be tested by discovery. If discovery reveals that an accused product is not actually a Samsung product, or is not sold or offered for sale in the United States, the Court anticipates that such products will be promptly dropped from CogniPower's infringement case. Samsung has avenues for relief if CogniPower becomes so unreasonable as to pursue its infringement theories against such products. However, the Court is not prepared to deny leave to amend infringement contentions where there is good cause, simply because it is disputed whether some of the products are Samsung products and/or are sold in the U.S.

As to Samsung's argument that "catch-all" language is used, such does not prevent granting leave to supplement where it is otherwise warranted. Samsung's specific concerns are that this language sweeps in certain products—namely, wireless chargers or products that pre-date the asserted patents. However, CogniPower's reply itself resolves this concern: it unequivocally represents that "this listing does not include wireless chargers or products that pre-date the asserted patents." (*See* Dkt. No. 76 at 2.) To the extent CogniPower later tries to argue that such products are included, Samsung need only point to the record. That said, the Court does not construe CogniPower's use of this language as an excuse not to comply with its obligations under the local rules. To be clear, appending this catch-all language does not excuse CogniPower from identifying devices that it alleges infringe.

The Court finds unpersuasive Samsung's arguments that the product listing is improper under P.R. 3-1(b) such that leave to amend should be denied.

### B.  CogniPower Has Demonstrated Good Cause

#### i.  Explanation for Failure to Meet the Deadline

Under the first factor, CogniPower argues that it timely served its original contentions, which were prepared "to the best of its current ability without the benefit of discovery."[4] (Dkt. No. 58 at 6, citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560–61 (E.D. Tex. 2005)).) Further, CogniPower points out that it served its amended contentions within less than a month and a half of its original service, during which time it argues that it diligently sought to confer with Samsung and address the issues it raised to reach a joint resolution. (*Id.* at 7.)

---

[4] Samsung says that *American Video Graphics* is a case pertaining to P.R. 3-1*(c)*, but is relevant to claim charts only and not to accused product listing under P.R. 3-1(b). (Dkt. No. 65 at 1 n.2.) However, the *American Video Graphics* opinion points out that "there are times when plaintiffs' preparation is restricted by defendants' sole possession of the information plaintiffs need." 359 F. Supp. 2d at 560. There the Court found that the plaintiff there complied with its obligations under P.R. 3-1(c) "to the best of its current ability" without discovery. *Id.* at 561. The Court is of the opinion that this logic applies to the specific facts here, where Samsung does not publish the internal components or structures of the power circuits in its products. (*See* Dkt. No. 58 at 1.)

CogniPower contends that because the search simply identified products that appeared under the categories enumerated by Samsung, the additional information was always possessed by Samsung. (*Id.*)

Samsung responds that CogniPower identified these products by merely searching the internet, and it offers no justification for its failure to identify the 61 additional products in its original contentions. (Dkt. No. 65 at 13.) It notes that CogniPower does not contend that these are new products that couldn't have been located sooner using public information. (*Id.*, citing *Sol IP*, 2020 WL 1911388, at *3.) In Samsung's view, CogniPower's claim that it was "diligent in responding to Samsung's complaints" is misplaced. (*Id.* at 14.) The issue, Samsung urges, is the failure to identify these products in the first place. (*Id.*) Further, Samsung points out that CogniPower failed to respond to Samsung's September letter and email, and failed to make any requested changes, such that CogniPower did not address the issues Samsung raised. (*Id.*)

The Court finds that CogniPower acted diligently to address Samsung's complaints regarding the lack of specifically identified accused products. Even if there had been a "failure to meet the deadline" for identification, CogniPower worked to provide the identification requested by Samsung. As noted *supra*, Samsung does not publish the internal power circuits of its products. CogniPower complains (and Samsung does not dispute) that the internal features and components are not publicly accessible or ascertainable through simple inspection. (Dkt. No. 76 at 7.) Without discovery, identification of accused products based on the accused power circuitry is not a simple matter. Service of the amended contentions occurred within less than a month and a half of the service of the original infringement contentions. Such does not preclude leave to amend.

### ii.   The Importance of What the Court Is Excluding

CogniPower contends that its amended contentions are important to support a full and fair resolution of the case. (Dkt. No. 58 at 7.) First, CogniPower argues that denying the amendment would be inefficient and result in duplicative litigation under the same infringement theory, and that judicial economy weighs in favor of granting leave. (Dkt. No. 58 at 7, 9, citing *GREE, Inc. v. Supercell Oy*, 2020 WL 7698831, at *3 (E.D. Tex. Dec. 28, 2020).) CogniPower further points out that the amendment was at the request of Samsung and is important because Samsung essentially refused to provide discovery "[w]ithout a more particularized identification" of products. (*See id.* at 8, citing Dkt. No. 58-8 at 2.) It notes that the scope of the additionally identified products is consistent with the scope defined in the original infringement contentions, and that the amendment was simply CogniPower's way of helping "ensure that Samsung is on notice of the accused infringement." (*Id.*, citing *Motion Games, LLC v. Nintendo Co.*, 2015 WL 1774448, at *2 (E.D. Tex. Apr. 16, 2015).)

Samsung focuses its argument on its assertions that the additional products include (1) non-Samsung products, and (2) products not sold or offered by Samsung in the United States. (Dkt. No. 65 at 14.) It maintains that it is "futile and improper to accuse products for which there is no basis." (Dkt. No. 78 at 5, citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United State of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").)

As stated above, the Court is not prepared to find that the products Samsung contends are non-Samsung products and/or products not sold or offered by Samsung in the United States in fact *are* improper when there has been no discovery into the matter. While the Court does not find that Samsung is making "ticky-tack complaints" as CogniPower contends, the complaints are

premature. The Court is not required "to assess the strength of the plaintiff's infringement contentions as part of a good cause determination." *Arbitron, Inc. v. Int'l Demographics Inc.*, 2009 WL 166555, at *2 (E.D. Tex. Jan. 16, 2009). Further, the Court does not find that CogniPower's amendment is "frivolous or futile" based on the record before it. *See Martin's Herend Imports*, 195 F.3d at 771. The amendment identifies specific accused products under the same infringement theory as the original contentions, and is important because without leave to amend, CogniPower would be unable to accuse the additional products in this litigation. *See Mediostream, Inc. v. Microsoft Corp.*, 2010 WL 4118589, at *2 (E.D. Tex. Apr. 16, 2015).

### iii.  The Potential Prejudice If the Court Allows the Thing That Would Be Excluded

CogniPower contends that its amendments do not prejudice Samsung primarily because its original contentions gave Samsung notice of the scope and nature of the accused products and infringement in this case. (Dkt. No. 58 at 9–10.) It points out that the additionally identified products do not change CogniPower's infringement theories or claims. (*Id.* at 10, citing *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2018 WL 574871, at *2 (E.D. Tex. Jan. 26, 2018) (finding "little, if any, prejudice [when a plaintiff] is not changing its infringement theory relative to its preliminary infringement contentions.").) Further, CogniPower again notes that any accuracy determination or correction to the identified accused products may be made after CogniPower inspects Samsung's discovery, and that Samsung's objections are irrelevant to this analysis. (*Id.* at 11.) Additionally, CogniPower notes that any prejudice has been minimized due to the early stage of the case. (*Id.*, citing *Harris Corp. v. Huawei Device USA*, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 9, 2019) (finding little to no prejudice where Markman hearing had not occurred, discovery had not been completed, and deadline for disclosing experts had not passed).)

Samsung responds that it would be "significantly prejudiced" by this amendment. (Dkt. No. 65 at 14.) It argues that, "[f]or example," Samsung would have to "provide discovery addressing products and resolving an issue for which there was no basis for their inclusion in this case in the first place." (*Id.*) It urges that it should not be required to defend itself against baseless claims. (Dkt. No. 78 at 5.) Samsung notes that CogniPower's argument that it provided notice of its infringement theories through its charting of representative products is irrelevant under P.R. 3-1*(b)*. (Dkt. No. 65 at 14–15, emphasis in original.)

The Court is not persuaded that granting CogniPower leave to amend its infringement contentions would ultimately prejudice Samsung. Importantly, the amendment does not change CogniPower's infringement theories in this case. Further, the Court has already observed that the accuracy determination is not properly embedded within the good cause analysis, which is Samsung's chief concern under this factor. Even if it were, Samsung's argument fails—as CogniPower points out, whether a product is Samsung branded or manufactured can be borne out in the discovery process. (*See* Dkt. No. 76 at 4.) The same is true of the products Samsung urges have not been made, offered, sold, used, or imported into the U.S.—discovery resolves this issue. To the extent a listed product is improperly accused, CogniPower has represented it is willing to further amend its contentions. (*See id.* at 5.)  The Court agrees with CogniPower that such is "the natural progression of discovery in a patent case." (*See id.* at 4.) Additionally, any prejudice is alleviated by the early stage of the case. Fact discovery does not close until August 30, 2024, claim construction does not begin until March 14, 2024, and the expert disclosure deadline is not until September 30, 2024. (Dkt. No. 34.)

### iv.  Availability of a Continuance

CogniPower contends that no continuance is necessary, while Samsung argues that it will be prejudiced either way. (*Compare* Dkt. No. 76 at 5 *with* Dkt. No. 78 at 5.) As noted above, the Court finds there will be no undue prejudice to Samsung in granting CogniPower leave to amend its infringement contentions at this time. The parties are at an early stage of this case, and there is plenty of time to proceed efficiently hereafter.

### v.  Observation

Disputes of this type often bring to the Court's mind the ancient query: "Which comes first, the chicken or the egg?" Samsung says it cannot provide discovery without more precise contentions and CogniPower says it cannot deliver more precise contentions without the benefit of discovery. This type of standoff often belies a failure by one or both litigants to do their best to be forthcoming. The solution usually is found in the Court being creative in finding ways to motivate both sides to improve their efforts within this context. The Court will not shy away from its need to be appropriately motivating if necessary. It would be easier for all concerned if such does not become necessary. The parties should ponder this, as we go forward.

## IV.    CONCLUSION

Having considered the Motion, the Court is of the opinion that it should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that CogniPower is granted leave to amend its infringement contentions as set forth in the Motion.

**So ORDERED and SIGNED this 11th day of January, 2024.**


RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

13