███████████████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COGNIPOWER LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:23-cv-00160-JRG |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | ████████████████ |

**DEFENDANTS' MOTION FOR SANCTIONS**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND .................................................................................................. 2

    A.    The Date of PI's Prior Invention Is an Important Issue in This Case. .................... 2

    B.    CogniPower's Counsel Used ████████████ on the Prior Invention Issue at the Deposition of PI's Witness, Roland Saint-Pierre................................ 2

III.    LEGAL STANDARD........................................................................................... 7

IV.    ARGUMENT ....................................................................................................... 9

    A.    ████████████ the Doctored Document and Then Using It To Elicit ████ Testimony, CogniPower's Counsel Violated Multiple Rules of Professional Conduct and Acted in Bad Faith. .............................................................. 9

    B.    The Misconduct By CogniPower's Counsel Warrants Sanctions......................... 11

V.    CONCLUSION.................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Allen v. Gurevich*,
    2010 WL 1963203 (D. Colo. Apr. 1, 2010)...........................................................9, 11, 12, 13

*Amerisource Corp. v. Rx USA Inter. Inc.*,
    2010 WL 2730748 (E.D.N.Y. July 6, 2010) ...........................................................................9

*Aoude v. Mobil Oil Corp.*,
    892 F.2d 1115 (1st Cir. 1989) .........................................................................................9, 11

*Carroll v. Jaques*,
    926 F. Supp. 1282 (E.D. Tex. 1996) ................................................................................8, 15

*Carroll v. Jaques Admiralty L. Firm, P.C.*,
    110 F.3d 290 (5th Cir. 1997) ...........................................................................................8, 12

*REP MCR Realty, LLC v. Lynch*,
    363 F. Supp. 2d 984 (N.D. Ill. 2005) ...........................................................................9, 11, 12

*Sipco, LLC v. Amazon.com, Inc.*,
    No. 2:08-cv-00359-JRG, D.E. 590 ......................................................................................8

*Smith v. Insurance Adjusters Grp., LLC*,
    2021 WL 5988253 (E.D. Tex. Dec. 17, 2021)...................................................................8, 13

*In re Stone*,
    986 F.2d 898 (5th Cir.1993) ...........................................................................................8, 15

**Statutes, Rules & Regulations**

35 U.S.C. § 102(g) ...........................................................................................................2, 15

Texas Disciplinary Rules of Professional Conduct, Preamble .....................................................7

Texas Disciplinary Rules of Professional Conduct, Rule 3.03(a)(5)....................................1, 7, 10

Texas Disciplinary Rules of Professional Conduct, Rule 3.04(b) ........................................1, 7, 10

Texas Disciplinary Rules of Professional Conduct, Rule 4.01 .................................................7, 10

Texas Disciplinary Rules of Professional Conduct, Rule 8.04(a)(3)....................................1, 7, 10

Texas Lawyers' Creed – Mandate for Professionalism ........................................................1, 7, 10

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
| --- | --- |
| A[1] | One page excerpt of Power Integrations document (Ex. C below) bearing Bates number PIC00001643 and having the authentic August 10, 2011 date |
| B | One page excerpt of Power Integrations document (Ex. D below) bearing Bates number PIC00001643 with the date altered by CogniPower's counsel to be August 22, 2012 |
| C | Power Integrations document bearing Bates numbers PIC00001623–PIC00001691 (Ex. 17 (Tab 55)) to the deposition of Roland Saint-Pierre) |
| D | Power Integrations document bearing Bates numbers PIC00001623–PIC00001691 having the altered date at PIC00001643 (Tab 23 to the deposition of Roland Saint-Pierre) |
| E | Excerpts of transcript from the September 27, 2024 deposition of Power Integrations' Vice President Roland Saint-Pierre |
| F | October 1, 2024 Letter from Frank E. Scherkenbach to Jason E. Sheasby |
| G | October 1, 2024 Letter from Jason E. Sheasby to Frank E. Scherkenbach |
| H | October 2, 2024 Letter from Frank E. Scherkenbach to Jason E. Sheasby |
| I | October 3, 2024 Letter from Jason E. Sheasby to Frank E. Scherkenbach |
| J | October 4, 2024 Letter from Timothy E. Grimsrud to Andrew Choung & Jason E. Sheasby |
| K | CogniPower document bearing Bates number CP0038592 |
| L | CogniPower document bearing Bates number CP0085640 |
| M | CogniPower document bearing Bates number CP0124916 |

---

[1] For Exhibits A through D, Samsung notes that a date stamp of "3/6/2020 7:05:00 PM" appears at the bottom of each page on the versions of these documents printed by CogniPower's counsel for use at the deposition. The document PIC00001623–PIC00001691 as produced by third-party Power Integrations does not have this date included on the pages.

## <u>TABLE OF ABBREVIATIONS</u>

| Abbreviation | Definition |
|---|---|
| "Samsung" | Collectively Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| "CogniPower" | Plaintiff CogniPower LLC |
| "Irell & Manella" | Irell & Manella LLP |

## I.    INTRODUCTION

In the middle of discovery, ████████████████████████████████

████████████████████████████████████████████████ by third-

party Power Integrations ("PI") relating to Samsung's defense that a PI prior invention potentially

invalidates all of CogniPower's asserted claims. CogniPower's counsel then used ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████ This is a fundamental abrogation of CogniPower's counsel's duties to this Court,

the legal profession, and the public. *See, e.g.*, Texas Lawyer's Creed – Mandate for

Professionalism ("The conduct of a lawyer should be characterized at all times by honesty, candor,

and fairness."); Texas Disciplinary Rules of Professional Conduct, Rule 3.03(a)(5) (prohibiting a

lawyer from offering or using evidence he knows to be false); *id*. at Rule 3.04(b) (prohibiting a

lawyer from falsifying evidence); *id*. at Rule 8.04(a)(3) (prohibiting a lawyer from engaging in

conduct involving dishonesty, fraud, deceit, or misrepresentation). It taints these proceedings and

forces Samsung to question CogniPower's counsel's conduct generally and document productions

throughout this case. Samsung therefore seeks appropriate sanctions aimed at mitigating the

misconduct, deterring future misconduct by CogniPower's counsel,[2] and restoring trust in the legal

system and profession, including by the witness Mr. Saint-Pierre.

---

[2] ████████████████████████████████████████████████████
████████████ and Samsung has no reason to believe its local counsel was involved in the
misconduct at issue in this motion.

████████████████████████████████████████

## II.    BACKGROUND

### A.    The Date of PI's Prior Invention Is an Important Issue in This Case.

As context for the misconduct, one of Samsung's invalidity defenses in this case is based on a prior invention (called OmniSwitch) by third party PI.[3] CogniPower's operative infringement contentions disclose March 21, 2012, as the earliest specified conception date of the claims.[4] Evidence produced in this case, however, shows that PI conceived of OmniSwitch before CogniPower's alleged March 2012 date. On November 2, 2023, PI produced documents related to its prior invention. Amongst them were dated schematic drawings of its OmniSwitch concept that constitute key evidence of PI's prior invention (hereinafter, "Original PI Documents"). (Ex C.) The Original PI Documents include schematic drawings with a date of August 10, 2011. (Ex. A.) Thus, the Original PI Documents and the testimony about them are important evidence in this case.

### B.    CogniPower's Counsel Used ███████████████████████████ at the Deposition of PI's Witness, Roland Saint-Pierre.

On September 27, 2024, ███████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████    Below is a side-by-side comparison of

---

[3] Samsung contends that PI's prior invention renders all of CogniPower's asserted claims invalid under 35 U.S.C. § 102(g), especially to the extent CogniPower were to convince a jury that any asserted claim reads on products having PI's original InnoSwitch chips.

[4] Recently, CogniPower claims to have just discovered its own evidence of an even earlier conception date and is attempting to supplement its infringement contentions and priority-related documents to assert a conception date as early as April 11, 2011. (Dkts. 236, 236-1.) Samsung opposes CogniPower's motion on this and will respond separately to it.

█████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████, (*see* Dkt. 1-4 at 1

(showing July 3, 2012 filing date for the first of CogniPower's provisional applications)).

CogniPower's counsel then ███████████████████████████████ deposition of Mr. Saint-

Pierre. ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ "I'm going to show you another document and ***try to understand the date of it***." (*Id.* at 193:12–13.)[5] ████████████████████████

████████████████████████████████████████, asking the witness "what is ***the date*** of this document" and "can you ***verify that that is the correct date***?" (*Id.* at 194:2–5.)

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████, CogniPower's counsel showed Mr. Saint-Pierre a second document with the same Bates number (PIC00001643) bearing a date of August 10, 2011, and displayed it side-by-side ████████████████████████ He continued to press Mr. Saint-Pierre with questions suggesting the date that ██████████████████ was actually correct, such as: "Well, I just showed [the first document] to you, and I asked you about it. At first you confirmed to the best of your ability it was the correct date. Fair?" (*Id.* at 196:25–197:3.)

Mr. Saint-Pierre—understandably—expressed confusion on the disparate dates and ultimately, to his credit, testified that he believed August 10, 2011 was the correct date. (*Id.* at 196:19–23; 198:19–199:1.) ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[5] Unless otherwise noted, all emphasis is added.

███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████ PI's counsel attempted to object on the record to CogniPower's counsel's conduct, CogniPower's counsel became combative and unprofessional, refusing to acknowledge the seriousness of the objection or his harassment of the witness. Worse, CogniPower's counsel demanded that opposing counsel "stop speaking" multiple times and threatened to "call the court." (*Id.* at 201:5–202:25.)

██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████ This conduct showcases the dangers and extreme prejudice of creating and introducing false evidence into a case. ████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

██████████  ███████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████ Even worse, Samsung similarly must now be

skeptical of CogniPower's prior representations and the authenticity of documents produced by CogniPower and/or used by CogniPower in prior depositions. ████████████████

████████████████████████████████████████████

████████████████████████████████

Moreover, the conduct of CogniPower's counsel plainly affected Mr. Saint-Pierre's mindset at his deposition. Understandably so, given that he was trying to answer questions under oath and in good faith about evidence that he had assumed, as he must be able to assume for this process to work, was an authentic document from PI. For ██████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

_____

[6] Samsung also addressed ████████████████████████    ██████████████
████████████

██████████████████████████████████████████████

On October 2, PI sent a second letter expressing concern about the implications of counsel's behavior on the case ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████. I.)

███████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████. Samsung did not receive a substantive response from CogniPower prior to filing this motion.

## III.    LEGAL STANDARD

As an officer of the legal system, lawyers have an obligation "to maintain the highest standards of ethical conduct," (Texas Disciplinary Rules of Professional Conduct, Preamble), and a lawyer's conduct "should be characterized at all times by honesty, candor, and fairness," (Texas Lawyers' Creed – Mandate for Professionalism). It is axiomatic that a lawyer is prohibited from altering or fabricating evidence, eliciting false testimony based on false and fabricated evidence, or engaging in conduct involving dishonesty or misrepresentation. *See, e.g.*, Texas Disciplinary Rules of Professional Conduct, Rule 3.03(a)(5) (prohibiting a lawyer from offering or using evidence he knows to be false); *id*. at Rule 3.04(b) (prohibiting a lawyer from falsifying evidence); *id*. at Rule 4.01 (prohibiting a lawyer from making a false statement of material fact to a third person); *id*. at Rule 8.04(a)(3) (prohibiting a lawyer from engaging "in conduct involving

dishonesty, fraud, deceit, or misrepresentation").

The Fifth Circuit has recognized that courts possess the inherent power "to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir.1993). Thus, where an opposing party has engaged in bad faith conduct, courts have broad authority to impose sanctions. *Carroll v. Jaques*, 926 F. Supp. 1282, 1291 (E.D. Tex. 1996), *aff'd sub nom. Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997). The sanction should be tailored to fit the wrong, should penalize and deter bad faith abuses of the litigation process, and should compensate the opposing party. *Id*. at 1290–92.

The court may choose in its discretion to impose an array of sanctions ranging in severity, including, but not limited to:

> 1. A fine. 2. An award of reasonable attorneys' fees and expenses. 3. Disqualification of counsel. 4. Preclusion of claims or defenses or evidence. 5. Dismissal of the action. 6. Entry of a default judgment. 7. Suspension of counsel from practice before the court or disbarment. 8. Vacatur of a judgment for fraud. 9. Injunctive relief limiting a person's future access to the courts. 10. A contempt citation. 11. Permitting adverse inference from document destruction.

*Id*. Case law makes clear that a court's inherent authority to impose sanctions is appropriately invoked where a party has altered or falsified evidence. *See Sipco, LLC v. Amazon.com, Inc.*, No. 2:08-cv-00359-JRG, D.E. 590, at PageID 11002, (E.D. Tex. Sep. 25, 2013) (Gilstrap, J.) (sanctioning party for submitting false declaration by awarding attorneys' fees and costs incurred as a result of conduct); *Smith v. Insurance Adjusters Grp., LLC*, 2021 WL 5988253, at *2-3 (E.D. Tex. Dec. 17, 2021) (sanctioning party where defendant intentionally altered the date of an email that was produced in litigation by barring use as evidence any altered documents and awarding plaintiffs attorneys' fees incurred in investigating forged email, preparing for and taking defendant's deposition, and moving for sanctions).

Indeed, courts have emphasized that "corrupt[ing] the discovery record, which is of signal

importance in modern civil litigation" by altering or fabricating documents is highly prejudicial to the opposing party and warrants serious sanctions. *REP MCR Realty, LLC v. Lynch*, 363 F. Supp. 2d 984, 1011 (N.D. Ill. 2005) (sanction of dismissal with prejudice of third-party complaint for creating false documents); *see also Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (sanction of dismissal where plaintiff forged purchase agreement that was submitted with complaint given that such conduct constituted fraud on the court); *Amerisource Corp. v. Rx USA Inter. Inc.*, 2010 WL 2730748 (E.D.N.Y. July 6, 2010) (sanctioning party and its principal for fabricating email with fines payable to plaintiff and the clerk of court). Such conduct casts "doubt on the veracity of all the culpable party's submissions throughout litigation," and the prejudiced party "is forced either to attempt independent corroboration of each submission, at substantial expense of time and money, or to accept the real possibility that those discovery documents submitted by the opposing party are inaccurate." *Allen v. Gurevich*, 2010 WL 1963203, at *6 (D. Colo. Apr. 1, 2010) (recommending dismissal with prejudice as sanction for fabricating documents).

## IV.    ARGUMENT



██████████████████████████████████████████

████████████████████████. For example, CogniPower's counsel violated the Texas Lawyers' Creed – Mandate for Professionalism, which states that a lawyer's conduct "should be characterized at all times by honesty, candor, and fairness." CogniPower's counsel also violated multiple rules from the Texas Disciplinary Rules of Professional Conduct, including at least Rule 3.03(a)(5) ████████████████████████████████████████); Rule 3.04(b) (█████████████████████████); Rule 4.01 (████████████████ ███████████████████████████); and Rule 8.04(a)(3) (██████████ ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████, "I'm going to show you another document and ***try to understand the date of it***." (*Id.* at 193:12–13.) ████████████

████████████████████████████████████████████

██████████████ "what is ***the date*** of this document" and "can you ***verify that that is the correct date***?" (*Id.* at 194:2-5.) ███████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████.

████████████████████████████████████████████

████████████████████counsel then tried to undermine Mr. Saint-Pierre's testimony generally by showing him the date on the correct version of the document. In particular,

10

████████████████████████████████████████████████

CogniPower's counsel showed Mr. Saint-Pierre the version of PIC00001643 bearing a date of August 10, 2011, (Ex. A), and displayed it side-by-side with the Doctored Document, (Ex. B). (*Id.* at 195:13–16, 22–24.) ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████ CogniPower's counsel even became combative when PI's counsel tried to object to this conduct and demanded multiple times that PI's counsel "stop speaking." (*Id.* at 201:5–202:25.) This was bad faith as well.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

**B.    The Misconduct By CogniPower's Counsel Warrants Sanctions.**

████████████████████████████████████████████████

████████████████████████████████████████████████ *See, e.g.*, *REP MCR Realty*, 363 F. Supp. 2d at 1011 (imposing sanction of dismissal with prejudice of third-party complaint for creating false documents); *Aoude*, 892 F.2d at 1118 (dismissing action as sanction where plaintiff forged purchase agreement that was submitted with complaint on the ground that such conduct constituted fraud on the court); *see also Allen*, 2010 WL 1963203, at *6 (recommending dismissal with prejudice as sanction for fabricating documents). ████████████████

██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████, "owe[s] a duty to the court that far exceeds that of lay citizens." *Carroll*, 110 F.3d at 294.

As courts have recognized, the conduct also irrevocably taints the entire case, casting "doubt on the veracity of all the culpable party's submissions throughout litigation" and forcing Samsung to face "the real possibility that [any] discovery documents" produced by CogniPower are potentially false as well. *Allen*, 2010 WL 1963203, at *6; *see also REP MCR Realty*, 363 F. Supp. 2d at 1011 (imposing sanction of dismissal with prejudice, explaining that "corrupt[ing] the discovery record, which is of signal importance in modern civil litigation" by altering or fabricating documents is highly prejudicial to the opposing party). ████████████████████

████████████████████████████████████████████████

██████████ respectfully requests that the Court order at least the following sanctions, which are each directly tied to the misconduct, are necessary to mitigate the consequences of the misconduct, will penalize and deter future abusive litigation tactics by CogniPower's counsel, and will help to restore public trust in the legal system and profession.

*(1) An order precluding CogniPower's use of the Saint-Pierre Deposition for any purpose*. Samsung first requests an order precluding CogniPower from using the deposition of Mr. Saint-Pierre for any purpose in this case, ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████. ████████████████████

████████████████████████████████████████████████

12

███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████. An order

prohibiting CogniPower from using the deposition for any purpose is thus tied to ██████████

████████████████████████████, will help mitigate the consequences of the misconduct,

will penalize and deter future abusive litigation tactics by CogniPower's counsel, and will help

restore public—and hopefully, Mr. Saint-Pierre's—trust in the legal system and profession. *See*

████████████████████████████████████████████████

██████████████████████

*(2)* ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ The jury ought to be made aware of that conduct in evaluating the

evidence and assessing the credibility of witnesses subject to examination by CogniPower's

counsel. *See Allen*, 2010 WL 1963203, at *6 (acknowledging that falsification of evidence casts

doubt on the veracity of all of the culpable party's submissions throughout litigation).

For example, going forward, witnesses testifying at depositions and trial will necessarily

be influenced by counsel's tactics and may, understandably, be reluctant to authenticate documents

███████████████████████████████████████████

or verify their accuracy. Absent an instruction on counsel's conduct, the jury may view such reluctance negatively or make unfair adverse inferences concerning the witnesses' credibility, when it was CogniPower's counsel who created the distrust and tentativeness. ███████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████.[7]

*(3) Order precluding an earlier priority date by CogniPower and (4) Order precluding challenge to PI's date of invention.* In addition, Samsung requests an order precluding CogniPower from seeking a priority date that is earlier than the filing date of its provisional patent applications and from challenging PI's date of invention for its OmniSwitch prior invention. ████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ Moreover, CogniPower has now filed a motion for leave to supplement its infringement contentions, asserting that it recently discovered previously corrupted files and additional metadata that allegedly support an earlier conception date of April 11, 2011. (Dkt. 236.) CogniPower's motion and the curious timing of this alleged discovery of new files and metadata raises serious concerns given the conduct discussed herein. ██

---

[7] As a further example, CogniPower previously produced documents in this litigation that appeared to include copies of the text of email messages, oddly pasted together, and lacking the formatting or email headers that would be expected if the documents were properly maintained email chains. (*See, e.g.*, Exs. K–M.) Whereas Samsung previously assumed these formatting issues were innocent and potentially reflected the documents being maintained outside of an email program, Samsung now has reason to question whether those and other CogniPower documents have been altered.

████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ *In re Stone*, 986 F.2d at 902 (recognizing courts possess broad discretion under their inherent power "to levy sanctions in response to abusive litigation practices").

*(5) Other relief the Court deems just and proper.* ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

*Carroll*, 926 F. Supp. at 1291 (recognizing that court's inherent authority to sanction parties for bad faith litigation abuses includes, among other things, "[d]isqualification of counsel"). Samsung defers to the Court's experience and discretion as to whether further sanctions may be necessary.

## V.    CONCLUSION

Samsung respectfully requests that the Court enter the following sanctions████ an order that CogniPower may not use the deposition of Mr. Saint-Pierre for any purpose in this case, including any purpose at trial; (2)████████████████████████████

████████████████████████████████████████

████████████████ (3) an order that CogniPower cannot seek a priority date that is earlier than the filing date of its provisional patent applications; (4) an order that CogniPower cannot challenge PI's date of invention for purposes of invalidity under 35 U.S.C. § 102(g); and (5) any other relief that the Court deems just and proper.

15

Dated: October 10, 2024

Respectfully Submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

FAEGRE DRINKER BIDDLE & REATH LLP

David J.F. Gross – Lead Attorney (admitted *pro hac vice*)
david.gross@faegredrinker.com
4800 North Scottsdale Road, Suite 2200
Scottsdale, AZ 85251
Telephone: 1 (480) 643-1850

Christopher J. Burrell (admitted *pro hac vice*)
chris.burrell@faegredrinker.com
1500 K Street, Suite 1100
Washington, D.C. 20005
Telephone: 1 (202) 842-8800
Facsimile: 1 (202) 842-8465

Timothy E. Grimsrud (admitted *pro hac vice*)
tim.grimsrud@faegredrinker.com
Chad Drown (admitted *pro hac vice*)
chad.drown@faegredrinker.com
Lauren J.F. Barta (admitted in E.D. Tex.)
lauren.barta@faegredrinker.com
Kelly J. Fermoyle (admitted *pro hac vice*)
kelly.fermoyle@faegredrinker.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 1 (612) 766-7000
Facsimile: 1 (612) 766-1600

Evan J. Kline-Wedeen (admitted *pro hac vice*)
evan.kline-wedeen@faegredrinker.com
320 S Canal St Suite 3300
Chicago, IL 60606
Telephone: 1 (312) 569-1000
Facsimile: 1 (312) 569-3000

Lucas J. Tomsich (admitted *pro hac vice*)
lucas.tomsich@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: 1 (415) 591-7500
Facsimile: 1 (415) 591-7510

***Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.***

███████████████████████████

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on October 10, 2024 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

/s/ *Melissa R. Smith*
Melissa R. Smith

███████████████████████

██████████████████████████████████

██████████████████████

████████████
████████████

## CERTIFICATE OF CONFERENCE

Counsel for Samsung sent counsel for CogniPower requests to meet and confer regarding the substance of this motion on October 2, 2024 and October 4, 2024, but counsel for CogniPower did not substantively respond. On October 9, 2024, counsel for Samsung and counsel for CogniPower met-and-conferred pursuant to Local Rule CV-7(h) via a remote conference. The Parties have been unable to resolve the dispute and are at an impasse. As such, this motion is opposed.

/s/ *Timothy E. Grimsrud*
Timothy E. Grimsrud