**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COGNIPOWER LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>        Defendants. | Case No. 2:23-cv-160 – JRG<br><br>JURY TRIAL DEMANDED |

**CogniPower's Opposition To Samsung's Motion For Sanctions**

████████████████████

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ......................................................................................................... 1

II.     FACTUAL BACKGROUND ........................................................................................ 3

III.    LEGAL STANDARD..................................................................................................... 9

IV.     ANALYSIS.................................................................................................................... 10

        1.      No Showing Of Bad Faith........................................................................... 10

        2.      No Basis For Remedies Sought ................................................................... 12

V.      CONCLUSION............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Boland Marine & Mfg. Co. v. Rihner*,
    41 F.3d 997 (5th Cir. 1995) ................................................................................9

*Carroll v. Jaques*,
    926 F. Supp. 1282 (E.D. Tex. 1996), *aff'd sub nom. Carroll v. Jaques
    Admiralty L. Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997) ..........................................13

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)................................................................................................9

*Crowe v. Smith*,
    151 F.3d 217 (5th Cir.1998) ............................................................................9, 10

*First Nat'l Bank of Louisville v. Lustig*,
    96 F.3d 1554 (5th Cir. 1996) ..............................................................................11

*Matter of Galloway*,
    812 F. App'x 212 (5th Cir. 2020)..........................................................................10

*In re Moore*,
    739 F.3d 724 (5th Cir. 2014) ..............................................................................10

*Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*,
    2 F.3d 1397 (5th Cir. 1993) ................................................................................12

*Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*,
    86 F.3d 464 (5th Cir. 1996) ............................................................................9, 12

*Resol. Tr. Corp. v. Bright*,
    6 F.3d 336 (5th Cir. 1993) ..........................................................................4, 9, 12

*Rozier v. Ford Motor Co.*,
    573 F.2d 1332 (5th Cir. 1978) ............................................................................11

*Sipco, LLC v. Amazon.com, Inc.*,
    No. 2:08-cv-00359-JRG, D.E. 590 ........................................................................9

*Turfgrass Grp., Inc. v. NE. Louisiana Turf Farms, LLC*,
    No. CIV.A. 10-1354 2013 WL 6145294 (W.D. La. Nov. 20, 2013)......................10

*Union Pump Co. v. Centrifugal Tech. Inc.*,
    404 F. App'x 899 (5th Cir. 2010)...........................................................................9

**Rules**

Rule 1.02(c)................................................................................................................11

Rule 3.03(a)...............................................................................................................11

Rule 3.04(b)...............................................................................................................12

Rule 3.04(b)...............................................................................................................12

Rule 4.01....................................................................................................................11

Rule 4.01(a)...............................................................................................................12

Rule 804.....................................................................................................................11

## TABLE OF DEFINITIONS

| CogniPower | Plaintiff CogniPower LLC |
|---|---|
| Samsung | Samsung Korea and Samsung America |
| Samsung Korea | Defendant Samsung Electronics Co., Ltd. |
| Samsung America | Defendant Samsung Electronics America, Inc. |
| PI | Power Integrations, Inc. |
| Asserted Patents | Related re-issue patents: U.S. Patent RE47,031; U.S. Patent RE47,713; U.S. Patent RE47,714; U.S. Patent RE49,157; and U.S. Patent RE49,425 |

██████████████████████████████████

## I.    INTRODUCTION

The Motion does not accurately describe what occurred in the deposition.  An associate, ██████████████ took the deposition for CogniPower.  The witness was designated as a corporate representative on ██████████████████████████████████████ The witness is employed by Power Integrations ("PI"), which is indemnifying Samsung in this case ████████████████████.

Early in the deposition, a document that Samsung/PI have represented as evidence that ███████████ predates the CogniPower patents was shown as an exhibit ███████████  Based on ███████████████████, the witness testified that ██████████████████████ However, metadata originally withheld by Samsung/PI for nearly a year places its creation date as ███████.

The witness was then shown a related document produced by Samsung/PI that ███████████ ██████████████████  After extensive questioning about revision data in the document, the witness finally admitted ██████████████████████████████████████ ██████.

At this point, the examination that is the subject of the motion occurred, with the goal of establishing that the witness was simply ██████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████

1

After more examination, and a break, █████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████

Four days after the deposition, ██████████████████████████████

██████████████████████    ██████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████

After the deposition, CogniPower ██████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Two weeks after the deposition, ██████████████████████████████

████████████████████████████████████        Samsung filed this motion,

seeking a raft of sanctions that have no connection to what occurred in the deposition at all.  By

████████████████████████████████████

these sanctions, Samsung seeks to ████████████████████████████████

████████████████████████████

Samsung does not even attempt to satisfy the standard for sanctions or to explain why ██

█████████████████████████████████████████████████████████████ .

Samsung's motion has no basis, and should be denied.

## II.    FACTUAL BACKGROUND

Samsung alleges that ████████████████ invalidates the asserted patents.  Mot. at

2.  Samsung and PI produced to CogniPower ██████████████████████████████

█████████    However, the dates of several of those documents ████████████████████

█████████████████████████████████████

On September 27, 2024, ████████████ testified as a 30(b)(6) designee on ████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████

Early in the deposition, ████████████was marked as an exhibit. It reflects ████████

████████████████ .  The witness testified that ██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████    Metadata withheld by Samsung/PI for

this document actually places its creation date as ████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████

After the conclusion of the deposition, Samsung/PI ███████████████████████████

███████████████████████████████████ ███████ was then asked about a document that on its face states ███████████

████████████████████████████████████████████████

████████████ Initially, ████████████ testified ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████

At this point, the associate taking the deposition ████████████████ engaged in the

examination at issue in Samsung's motion ████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

Moreover, it includes features that ████████████████████████████ states were

still not completed. ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

████████████████████ thus sought to explore whether there was any basis for ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████



After a break,

Filed Under Seal Pursuant To Protective Order

On October 1, 2024, four days after the deposition, ██████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████

The following day, ██████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████    ██████████

███████████████████



Samsung and PI never acknowledged this letter,

As discussed below, Samsung does not even acknowledge the applicable legal standard, or even attempt to make the showing that would be needed to sanction ███████████

## III.    LEGAL STANDARD

Samsung's motion purports to invoke the Court's inherent authority.  "[T]he threshold for the use of inherent power sanctions is high." *Crowe v. Smith,* 151 F.3d 217, 226 (5th Cir.1998); *Union Pump Co. v. Centrifugal Tech. Inc*., 404 F. App'x 899, 906 (5th Cir. 2010) ("[T]he imposition of sanctions under the court's inherent power is powerful medicine that should be administered with great restraint."); *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) ("[the inherent power sanction] may be exercised only if essential to preserve the authority of the court").  "A court should invoke its inherent power to [sanction] only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'"  *Sipco, LLC v. Amazon.com, Inc.*, No. 2:08-cv-00359-JRG, D.E. 590, at Page ID 11002, (E.D. Tex. Sep. 25, 2013) (Gilstrap, J.) (citing *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 46 (1991)).

"[B]efore sanctioning any attorney under its inherent powers, the court must make a specific finding that the attorney acted in 'bad faith.'"  *Resol. Tr. Corp. v. Bright,* 6 F.3d 336, 340

██████████████████████████████████████

(5th Cir. 1993). "[T]he finding of bad faith must be supported by clear and convincing proof." *Crowe*, 261 F.3d 558, at 563 (5th Cir. 2001); *Matter of Galloway*, 812 F. App'x 212, 214 (5th Cir. 2020) ("[I]n the absence of a finding of bad faith by clear and convincing evidence, a federal court is not empowered to impose sanctions for attorney misconduct under its inherent authority."); *In re Moore*, 739 F.3d 724, 733 (5th Cir. 2014) ("Neither imputed bad faith nor suspicion alone justifies the invocation of the inherent power" under the "stringent standard of clear and convincing evidence of bad faith."). "Bad faith 'is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will.'" *Turfgrass Grp., Inc. v. NE. Louisiana Turf Farms, LLC*, No. CIV.A. 10-1354 2013 WL 6145294, at *3 (W.D. La. Nov. 20, 2013).

## IV.    ANALYSIS

### 1.    No Showing Of Bad Faith

As stated in the Texas Disciplinary Rules of Professional Conduct: "The purpose of these rules can be abused when they are invoked by opposing parties as procedural weapons." Ex. 10 (Texas Disciplinary Rules of Professional Conduct (Oct. 1, 2024)) at preamble, ¶ 15. Samsung has not come close to meeting its burden of clear and convincing proof, and indeed does not even attempt to show that the associate taking the deposition had bad faith. Rather, Samsung's purpose is clear: ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████ by reopening an issue that CogniPower counsel promptly resolved when ████████████ raised it with ███████████.

███████████████████████████████████

Samsung does not cite any case remotely resembling this one, or supporting any of the sanctions it seeks.  To the contrary, the Texas Disciplinary Rules make clear that the provisions relied on by Samsung relate to situations involving intentional fraud.  "A lawyer's duty under Rule 3.03(a) not to use false or fabricated evidence is a special instance of the duty prescribed in Rule 1.02(c) to avoid assisting a client in criminal or ***fraudulent conduct*** … The same is true of compliance with Rule 4.01."  Ex. 10 (Texas Disciplinary Rules of Professional Conduct (Oct. 1, 2024)) at 25.  Rule 804 refers expressly to "***fraud***."  *Id.* at 116.  "When used in these Rules, the terms 'fraud' or 'fraudulent' refer to conduct that is characterized as such under applicable substantive law and has an intent to deceive."  *Id.* at 9.  "To establish fraud on the court, 'it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996) (quoting *Rozier v. Ford Motor Co*., 573 F.2d 1332, 1338 (5th Cir. 1978)).

█████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████  This is clearly not "fraud" and "bad faith."

██████████████████████████████████████

The final alleged violation relates to rule 3.04(b), which addresses falsifying evidence or counseling a witness to give false testimony. It has no application here; ████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

### 2.    No Basis For Remedies Sought

In instances where sanctions are imposed, "the sanction chosen must employ 'the least possible power adequate to the end proposed.' If there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first." *Nat. Gas Pipeline Co. of Am.,* 86 F.3d at 467. "[N]ovel sanctions are … subject to close examination on review simply because their reasonableness has not been demonstrated." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc*., 2 F.3d 1397, 1411 (5th Cir. 1993). One factor supporting the "unreasonableness" of sanctions is that the attorney "could not have anticipated that his conduct would result in such a sanction." *Id.*

Samsung seeks extreme sanctions, including ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

12

███████████████████

█████████████████████████████

██████████████████████████████

██████████████████████████████

████████

████████████████████████████

██████████████████████████████

██████████████████████████████

███

████████████████████████████

██████████████████████████████

██████████████████████

██████████████████████████████

██████████████████████████████

████████    The only case that Samsung cites involving the actions of an attorney, not a party, is *Carroll v. Jaques*, 926 F. Supp. 1282 (E.D. Tex. 1996), *aff'd sub nom. Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997).  In that case, the attorney physically threatened opposing counsel and repeatedly used extreme profanity in interactions in the case.  Even there, the sanction was limited to a monetary ($7,000) sanction.  The other cases all involve situations where a party falsified evidence and produced it during discovery and/or attempted to submit it to the court as evidence.  None of these situations remotely resemble this case.

If there had ever been a need for a remedy, CogniPower resolved it before the motion was filed.  ████████████████████████████

█████████████████████████████

██████████████████████████████

13

████████████████████████

████████████████████   These are the only remedies that PI requested at the deposition and in the exchange of letters sent by Samsung counsel in the week following the deposition. Ex. 1.  CogniPower respectfully contends this agreed resolution fully addresses any possible harm to Samsung, which is an independent ground for denying Samsung's motion.

## V.      CONCLUSION

For the foregoing reasons, CogniPower respectfully requests Samsung's motion be denied.


Date: October 24, 2024

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
(Texas Bar No. 00787165)
PARKER, BUNT & AINSWORTH, P.C.
100 E.  Ferguson Suite 418
Tyler Texas 75702
903-531-3535
rcbunt@pbatyler.com

Jason G. Sheasby
(Admitted *Pro Hac Vice*)
Stephen M. Payne
(Admitted *Pro Hac Vice*)
Benjamin E. Manzin-Monnin
(Admitted *Pro Hac Vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
310-277-1010
jsheasby@irell.com
spayne@irell.com
bmonnin@irell.com

Jonathan M. Lindsay
(Admitted in E.D. Tex.)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
949-760-5220
jlindsay@irell.com

Andrew Choung
(Admitted in E.D. Tex.)

14

Filed Under Seal Pursuant To Protective Order

Jennifer Hayes
(admitted *Pro Hac Vice*)
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6000
achoung@nixonpeabody.com
jenhayes@nixonpeabody.com

*Attorneys for Plaintiff CogniPower LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on October 24, 2024, pursuant to Local Rule CV-5(a) and has been served on all counsel via electronic mail.


/s/ Jason G. Sheasby
Jason G. Sheasby


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.


/s/ Jason G. Sheasby
Jason G. Sheasby

11373585.1 09