# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COGNIPOWER LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 2:23-cv-00160-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1

    1.  CogniPower Misrepresents the Record to Try to Avoid Sanctions ........................ 1

    2.  CogniPower Devotes Ten Pages of Its Response to a Separate Discovery Dispute about PI's (not Samsung's) Document Production and Metadata ............. 2

    3.  CogniPower Relies on Incorrect Legal Standards to Try to Avoid a Finding of Bad Faith and the Professional Rules of Conduct ............................................... 2

    4.  CogniPower Ignores Binding Supreme Court Precedent to Avoid the Consequences of Its Chosen Counsel's Conduct ...................................................... 5

III. REQUESTED RELIEF ....................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Ben E. Keith Co. v. Dining Alliance, Inc.*,
   80 F.4th 695 (5th Cir. 2023) ...................................................................................2

*Carroll v. James*,
   926 F. Supp. 1282 (E.D. Tex. 1996) .......................................................................3

*Carroll v. Jaques Admiralty L. Firm, P.C.*,
   110 F.3d 290 (5th Cir. 1997) ................................................................................3, 5

*Chambers v. NASCO*,
   501 U.S. 32 (1991) ..................................................................................................3

*Crowe v. Smith*,
   151 F.3d 217 (5th Cir. 1998) ................................................................................2, 3

*Link v. Wabash R. Co.*,
   370 U.S. 626 (1962) ................................................................................................5

*Resol. Tr. Corp. v. Bright*,
   6 F.3d 336 (5th Cir. 1993) .......................................................................................4

*Smith v. Insurance Adjusters Grp., LLC*,
   2021 WL 5988253 (E.D. Tex. Dec. 17, 2021) .......................................................3

*Woodson v. Surgitek, Inc.*,
   57 F.3d 1406 (5th Cir. 1995) ...................................................................................5

**Statutes, Rules & Regulations**

Disciplinary Rule 8.04(a)(3) ...........................................................................................3

## TABLE OF ABBREVIATIONS

| Abbreviation | Definition |
| --- | --- |
| "Samsung" | Collectively Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| "CogniPower" | Plaintiff CogniPower LLC |
| "Irell & Manella" | Irell & Manella LLP |
| "PI" | Power Integrations, Inc. |

███████████████████████████████████████

I.  **INTRODUCTION**

████████████████████████████████ document produced by PI in this case and then used that same ██████████████████████████████████ ███████ nstead of acknowledging the severity of this conduct and taking responsibility, CogniPower attempts to evade the consequences by distracting the Court from the issue at hand with a separate discovery dispute concerning PI, and by suggesting, contrary to the factual record and binding legal precedent, that counsel's conduct does not constitute bad faith or cannot be attributed to CogniPower. These arguments are meritless.

II.  **ARGUMENT**

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (2) include 10 pages of distraction about a separate discovery dispute, (3) rely on incorrect legal standards regarding inherent authority and ████████████████ and (4) ignore binding Supreme Court precedent.

  1. **CogniPower Misrepresents the Record to Try to Avoid Sanctions**

CogniPower's brief contains a remarkable misrepresentation ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ attempted in good faith to explain the discrepancies. (*See* Dkt. 246 at 2-5.) CogniPower's attempt

1

to portray its ████████████████████████████████████████ contradicted by the transcript and underscores CogniPower's failure to appreciate and acknowledge the severity of what occurred. (Dkt. 262 at 11.)

### 2. CogniPower Devotes Ten Pages of Its Response to a Separate Discovery Dispute about PI's (not Samsung's) Document Production and Metadata

CogniPower devotes ten pages of its opposition to discussing an entirely separate discovery dispute to which Samsung has not yet had the opportunity to respond. (*See* Dkt. 259.) Samsung disputes many of the statements and arguments in CogniPower's brief concerning PI's production of metadata and will respond in due course on those issues. However, CogniPower's attempt to evade sanctions here with the distraction of a separate discovery dispute further demonstrates the need for serious sanctions to remedy and deter future conduct. This is because it shows that CogniPower still doesn't get ████████████████████████████████████████

### 3. CogniPower Relies on Incorrect Legal Standards to Try to Avoid a Finding o████ ████████████████████████████████

CogniPower's Opposition relies on two incorrect legal standards. First, CogniPower selectively quotes from cited authority to suggest that a finding of ███████ for purposes of invoking the Court's inherent authority "must be supported by clear and convincing proof." (Dkt. 262 at 10 (citing *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998)). This omits a critical aspect of *Crowe*'s holding: ██████████████████████ we have required that this finding be based on 'clear-and-convincing' evidence." *Crowe*, 151 F.3d at 236 (emphasis added). ████████ ██████████████████████████████ and, thus, the clear and convincing standard is not applicable.[1] Second, CogniPower conflates a finding of "bad faith" with a finding of "fraud,"

---

[1] The Fifth Circuit recently observed that its case law is "deeply divided as to whether a district court must find bad faith or willful abuse by a preponderance of the evidence or by clear and convincing evidence." *Ben E. Keith Co. v. Dining Alliance, Inc.*, 80 F.4th 695, 702 n.8 (5th Cir.

suggesting that ███████████████████████████████████████████████████████

███████████████ (Dkt. 262 at 11.) But bad faith can be found when a party or counsel is responsible for "delaying or disrupting the litigation or by hampering enforcement of a court order." *Carroll v. James*, 926 F. Supp. 1282, 1289 (E.D. Tex. 1996) (quoting *Chambers v. NASCO*, 501 U.S. 32, 44-45 (1991)). Intent to deceive is not required. *See id*. But even applying CogniPower's standards, the transcript unequivocally shows that ████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████ *Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997). Thus, the only question is whether that conduct warrants sanctions and what type.

████████████████████████████████████████████████████████████████████████ something that necessitates sanctions under the Court's inherent authority. Such conduct on its

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████. ███████████████████████e

---

2023). Because *Crowe* uses clear and convincing evidence only in cases involving attorney disbarment, Samsung submits that the preponderance of the evidence standard is correct.

Moreover, the Disciplinary Rules are not dispositive on whether the Court may invoke its inherent authority, *Resol. Tr. Corp. v. Bright*, 6 F.3d 336 (5th Cir. 1993), and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is undoubtedly bad faith, *id*. at 341. CogniPower attempts to downplay ▓▓▓▓▓▓▓▓ conduct by characterizing it as merely an ▓▓▓▓▓▓▓▓▓▓▓▓▓ (Dkt. 262 at 12.) But *Resol. Tr. Corp. v. Bright*, the case on which CogniPower relies, demonstrates that what occurred here goes well beyond mere "aggressive" litigation tactics. *Resol* involved attorneys attempting to persuade a witness to sign an affidavit containing



CogniPower's final argument t▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is baseless and another distraction. (Dkt. 262 at 11.) First, CogniPower cites no authority to support its argument that a document must be marked as an exhibit in a deposition to be considered "evidence." Second, all documents and testimony produced in this case are evidence—regardless of whether it is marked at a deposition ▓▓▓▓▓▓▓▓

4



### 4. CogniPower Ignores Binding Supreme Court Precedent to Avoid the Consequences of Its Chosen Counsel's Conduct

CogniPower argues that it is not fair to impose the requested substantive sanctions ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (Dkt. 262 at 13.) This argument is contrary to binding precedent holding that a party is "bound by the acts of his lawyer-agent." *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995) (same). And CogniPower's attempt to distinguish Samsung's authority as situations where "a party falsified evidence," as opposed to counsel doing it (Dkt. 262 at 13), is especially concerning. It is *worse* when a ▉▉▉▉▉▉▉▉▉▉▉▉ because an attorney "owe[s] a duty to the court that far exceeds that of lay citizens." *Carroll*, 110 F.3d at 294.

### III. REQUESTED RELIEF

Samsung's opening brief set forth in detail why each sanction is tied to remedying and deterring the misconduct and restoring trust in the profession and system. CogniPower's response does not meaningfully rebut Samsung's analysis. Samsung respectfully requests that the Court order each requested sanction and any further relief as the Court deems just and proper.

5

Dated: October 31, 2024

Respectfully Submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

FAEGRE DRINKER BIDDLE & REATH LLP

David J.F. Gross – Lead Attorney (admitted *pro hac vice*)
david.gross@faegredrinker.com
4800 North Scottsdale Road, Suite 2200
Scottsdale, AZ 85251
Telephone: 1 (480) 643-1850

Christopher J. Burrell (admitted *pro hac vice*)
chris.burrell@faegredrinker.com
1500 K Street, Suite 1100
Washington, D.C. 20005
Telephone: 1 (202) 842-8800
Facsimile: 1 (202) 842-8465

Timothy E. Grimsrud (admitted *pro hac vice*)
tim.grimsrud@faegredrinker.com
Chad Drown (admitted *pro hac vice*)
chad.drown@faegredrinker.com
Lauren J.F. Barta (admitted in E.D. Tex.)
lauren.barta@faegredrinker.com
Kelly J. Fermoyle (admitted *pro hac vice*)
kelly.fermoyle@faegredrinker.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 1 (612) 766-7000
Facsimile: 1 (612) 766-1600

Evan J. Kline-Wedeen (admitted *pro hac vice*)
evan.kline-wedeen@faegredrinker.com
320 S Canal St Suite 3300
Chicago, IL 60606
Telephone: 1 (312) 569-1000
Facsimile: 1 (312) 569-3000

Lucas J. Tomsich (admitted *pro hac vice*)
lucas.tomsich@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: 1 (415) 591-7500
Facsimile: 1 (415) 591-7510

***Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on October 31, 2024 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

*/s/ Melissa R. Smith*
Melissa R. Smith