# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COGNIPOWER LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:23-cv-00160-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO MODIFY AND ADOPT REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 333) UNDER RULE 53(f)(2)**

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................................. 1

I.  CP Misled the Special Master and Samsung and Engaged in a Pattern of Misconduct ..... 1

II. Samsung Respectfully Submits that Additional Sanctions are Necessary .......................... 4

## **TABLE OF AUTHORITIES**

**Cases:** **Page(s)**

*Carroll v. Jaques*,
    926 F. Supp. 1282 (E.D. Tex. 1996) .............................................................................................4

*Carroll v. Jaques Admiralty L. Firm, P.C.*,
    110 F.3d 290 (5th Cir. 1997) ........................................................................................................4

*REP MCR Realty, LLC v. Lynch*,
    363 F. Supp. 2d 984 (N.D. Ill. 2005) ............................................................................................5

**Statutes, Rules & Regulations:**

Fed. R. Civ. P. 53(f) ....................................................................................................................1, 4

Texas Disciplinary Rules of Professional Conduct, Rule 5.01(a) ....................................................3

Texas Disciplinary Rules of Professional Conduct, Rule 5.01(b) ....................................................3

## TABLE OF ABBREVIATIONS

| Abbreviation | Definition |
| --- | --- |
| "Samsung" | Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| "CP" | Plaintiff CogniPower LLC |
| "Irell" | Irell & Manella LLP |
| "PI" | Power Integrations, Inc. |
| "R&R" | Special Master Hon. David Folsom's March 17, 2025 Report and Recommendation (Dkt. 333) |
| "Rules" | Texas Disciplinary Rules of Professional Conduct |

Special Master Hon. David Folsom did a remarkable job uncovering the misrepresentations that CP's lawyers told the Court about their falsification of evidence and knowing use of it to elicit false testimony. The Special Master's investigation revealed that Irell lawyers and personnel used "forgery" skills to "trick" a witness, "failed to comply with [their] duty of candor to the Special Master" in a "disturbing" way, failed to be "honest," engaged in "bad faith conduct," and "grossly disregarded" and "violated" the Rules. Without the Special Master's careful investigation, we would never have known the extent of the bad faith conduct at issue or that, behind the scenes, the senior Irell lawyer—Mr. Sheasby—viewed these issues as "silliness," when at the very same time he was telling the Special Master that he took responsibility and understood the Special Master's concerns. The Special Master's investigation also revealed that much of the misconduct occurred *after* Irell's General Counsel became involved.

The Special Master's investigation found serious continuing ethical violations and a troubling culture within the Irell firm. Yet within hours of issuance of the Special Master's R&R, far from appreciating the seriousness of the misconduct, CP asked for Mr. Sheasby's role in this case to be *elevated*, requesting Samsung's consent for Mr. Sheasby to be designated "lead" counsel. Given the seriousness of the conduct at issue, each of the Special Master's sanctions is fully appropriate, and Samsung respectfully believes that additional sanctions are necessary to punish, remedy, and deter the bad faith conduct. Under Fed. R. Civ. P. 53(f), Samsung respectfully moves the Court to adopt the R&R while also modifying it to include additional findings and sanctions.

**I.    CP Misled the Special Master and Samsung and Engaged in a Pattern of Misconduct**

The key facts relating to the falsification of evidence and its use at the Saint-Pierre deposition are set forth in the Special Master's careful R&R at 1–2, and 4–10. CP does not object to the R&R, (Dkt. 335), and, thus, the key facts are undisputed. Samsung's focus here is on the additional facts and violations occurring after Samsung filed its October 10, 2024 motion.

1

After CP's counsel knowingly elicited false testimony at Mr. Saint-Pierre's deposition using a falsified document, Samsung asked CP for a full explanation. (Dkt. 246-10 at 2–3.) CP never responded, and the first time Samsung received anything approaching an explanation was at the December 20, 2024 hearing. At the hearing, CP painted a picture of an associate working "on [his] own," who did not "ask anyone else" for guidance before creating and using the falsified document. (Dkt. 331-2 at 73:21–74:7; *see also id.* at 66:3–16.) But that was not true. Rather, as the Special Master found of CP's explanations, "Mr. Sheasby and Mr. Manzin-Monnin's ***failure to be forthright*** with the Special Master is both ***disturbing*** and it also ***constitutes a violation*** of their duty under the Texas Rules of Professional Conduct." (R&R at 9 (emphasis added).)

Indeed, the Special Master's careful investigation revealed that Mr. Manzin-Monnin did ***not*** operate on his own, but rather "***had asked*** for guidance from Mr. Sheasby about this matter prior to the Saint-Pierre Deposition." (*Id.* (emphasis in original); *id.* at Ex. B.)[1] Moreover, at Mr. Manzin-Monnin's request, another person (Irell Technical Advisor, Thomas Barr)[2] created the doctored document, falsifying the date and "kill[ing] some circuitry," using what Mr. Barr called his "forgery skills." (*Id.* at Ex. A.) CP also hid from the Special Master the fact that Mr. Barr had advised Mr. Manzin-Monnin to "get clear directions from somebody more senior" before having "mocked up dates on evidence floating around." (*Id.*)

But this is not all. The Special Master's investigation also revealed the troubling reason why Mr. Manzin-Monnin thought it was acceptable to use a falsified document to elicit false

---

[1] Despite responding to other emails through the morning of the Saint-Pierre deposition, Mr. Sheasby claims not to have seen or read the email in which Mr. Manzin-Monnin proposed "alter[ing] dates" until ***after*** the Saint-Pierre deposition. (R&R at 6; Ex. B; Ex. D, ¶¶ 3–10.) Even if true, the Special Master found that "Mr. Sheasby's apparent unawareness of the correspondence prior to the Saint-Pierre Deposition did not excuse either his duty to see this email, or his duty of candor to the Special Master during the December Hearing." (*Id.* at 3.)

[2] This is not Mr. Barr's only involvement in this case. (*See e.g.*, Dkt. 259-1.)

2

testimony. As the Special Master found, "based on his prior experience at his law firm," Mr. Manzin-Monnin thought it "was appropriate" and required no "signoff" if the document was not marked as an exhibit. (*Id.* at 6 n.3.) But as the Special Master found, of course using falsified documents to elicit false testimony violates the Rules, and it does not matter whether the document was used as a supposed demonstrative or marked as an exhibit. (*Id.* at 2, 7–8.)[3]

The Special Master's investigation also revealed that Mr. Sheasby characterized complaints over Mr. Manzin-Monnin's ethical violations as "silliness." (*Id.* at Ex. F.) As the Special Master found, "[t]hat Mr. Sheasby would consider this conduct to be 'silly' is of serious concern," and "directly undermines all of the representations made by Mr. Sheasby to the Special Master regarding Mr. Sheasby's previously conveyed concerns about the Saint-Pierre Deposition." (*Id.* at 8.) Further demonstrating Mr. Sheasby's gross disregard for the Rules, he refused even to acknowledge that Mr. Manzin-Monnin had falsified evidence when confronted with this issue. (Dkt. 246-7 ("There has been no 'falsified evidence'").) And even though Irell management and its General Counsel became involved in this matter at least by October 2024, (R&R at Ex. D, ¶ 16), Mr. Sheasby and Mr. Manzin-Monnin *still* came to the December 20 hearing either unprepared or unwilling to tell the truth. This all reflects a troubling culture at Irell.

As explained in the R&R, "[i]t is ***clear*** to the Special Master ***that CogniPower's counsel has grossly disregarded*** this District's requirement that counsel adhere to the [Rules]." (*Id.* at 3 (emphasis added).) Despite this "disturbing" conduct, (*id.* at 9–10), very shortly ***after*** the R&R issued, CP asked Samsung to consent to Mr. Sheasby becoming lead. Samsung opposed, and CP has since indicated it will continue to maintain Mr. Choung as lead. But the fact that CP asked to

---

[3] The failure by Mr. Sheasby and managing partners at Irell to ensure that Mr. Manzin-Monnin understood that the use of falsified documents to elicit false testimony violates the Rules is itself a violation of Rules 5.01(a) and (b). Samsung respectfully requests a finding to this effect.

elevate Mr. Sheasby's role immediately after receiving the Special Master's findings suggests to Samsung that CP and its counsel have *not* been adequately punished or deterred.

**II.      Samsung Respectfully Submits that Additional Sanctions are Necessary**

The Special Master's findings of fact and conclusions of law are reviewed *de novo*, and objections not timely raised are waived. (Fed. R. Civ. P. 53(f)(2)–(4); Dkt. 260 at 4.) It is undisputed that CP's attorneys committed ethical violations that are "disturbing" and "of serious concern." (R&R at 8–9.) Their failure to be honest and forthright with the Special Master necessitated that he undertake an unprecedented investigation to get to the truth of the matter. Many of CP's violations occurred even *after* the Irell General Counsel's office became involved. Under these circumstances, Samsung believes that nothing less than serious sanctions will suffice to fully remedy the harms and punish and deter such bad faith conduct from aggressive counsel.

The Court has broad authority to sanction bad faith conduct with sanctions tailored to fit the wrong, that penalize and deter bad faith abuses of the litigation process, and compensate the aggrieved party. *See, e.g.*, *Carroll v. Jaques*, 926 F. Supp. 1282, 1290–92 (E.D. Tex. 1996), *aff'd sub nom. Carroll v. Jaques Adm. L. Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997). Where an attorney is responsible for the fabrication, that makes the situation even more serious. *Carroll*, 110 F.3d at 294. The sanctions requested in Samsung's original motion are directly tied to the misconduct and necessary for remedying, deterring, and punishing the violations. (Dkt. 246 at 12–15.) They were appropriate in view of what was known then (October 10), and they are more strongly warranted now given what the Special Master's investigation has revealed. Thus, Samsung (1) respectfully urges additional sanctions sufficient to fully remedy, deter, and punish the violations, and (2) requests clarification that CP will be held to its representations at the December 20 hearing.

*Additional sanctions.* The Special Master's findings demonstrate that CP's counsel's conduct has severely tainted these proceedings. The misconduct directly impacted a key witness

4

(Mr. Saint-Pierre), and it calls into question CP's entire conduct in the case. *See, e.g.*, *REP MCR Realty, LLC v. Lynch*, 363 F. Supp. 2d 984, 1011 (N.D. Ill. 2005) (explaining that "corrupt[ing] the discovery record, which is of signal importance in modern civil litigation" by altering or fabricating documents is highly prejudicial to the opposing party). To mitigate further prejudice to Samsung, the jury should know the reason that certain witnesses may be tentative on the stand or distrustful of CP's counsel. Thus, as requested in Dkt. 246, a jury instruction that CP's counsel falsified documents in an improper attempt to undermine the credibility of witnesses and the reliability of documents is needed. This type of sanction is also needed to punish and deter CP's counsel from engaging in bad faith conduct in the future. In addition to the jury instruction, Samsung respectfully believes further sanctions are warranted and, at the Court's sound discretion, urges an order precluding CP from putting forward an earlier priority date than their July 3, 2012 provisional filing, precluding CP from challenging PI's date of invention for OmniSwitch, and setting forth any other sanctions the Court may deem just and proper. (*See* Dkt. 246 at 12–15).

***Confirming CP stands by its representations from the December 20 hearing.*** During the December 20 hearing, Mr. Sheasby made several representations in response to Samsung's request for sanctions, including that (1) CP would not challenge the dates of PI's documents, (Dkt. 331-2 at 72:13–24, 84:3–5), (2) CP would not use Mr. Saint-Pierre's deposition testimony, (*id.* at 71:18–23), and (3) Mr. Manzin-Monnin would withdraw if Samsung lost confidence in him, (*id.* at 72:25–73:3). CP recently confirmed that Mr. Manzin-Monnin will take steps to withdraw, and the rationale for that withdrawal (loss of confidence) similarly compels withdrawal by Mr. Sheasby and the Irell firm. Moreover, CP's stipulation, (Dkt. 323), is narrower than what Mr. Sheasby represented at the hearing and makes no mention of the Saint-Pierre transcript. Samsung, thus, requests clarification that CP will be held to its representations at the December 20 hearing.

5

Dated: March 25, 2025                     Respectfully Submitted,

*/s/ Melissa R. Smith*_____
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

FAEGRE DRINKER BIDDLE & REATH LLP

David J.F. Gross – Lead Attorney (admitted *pro hac vice*)
david.gross@faegredrinker.com
4800 North Scottsdale Road, Suite 2200
Scottsdale, AZ 85251
Telephone: 1 (480) 643-1850

Christopher J. Burrell (admitted *pro hac vice*)
chris.burrell@faegredrinker.com
1500 K Street, Suite 1100
Washington, D.C. 20005
Telephone: 1 (202) 842-8800
Facsimile: 1 (202) 842-8465

Timothy E. Grimsrud (admitted *pro hac vice*)
tim.grimsrud@faegredrinker.com
Chad Drown (admitted *pro hac vice*)
chad.drown@faegredrinker.com
Lauren J.F. Barta (admitted in E.D. Tex.)
lauren.barta@faegredrinker.com
Kelly J. Fermoyle (admitted *pro hac vice*)
kelly.fermoyle@faegredrinker.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 1 (612) 766-7000
Facsimile: 1 (612) 766-1600

>Evan J. Kline-Wedeen (admitted *pro hac vice*)
>evan.kline-wedeen@faegredrinker.com
>320 S Canal St Suite 3300
>Chicago, IL 60606
>Telephone: 1 (312) 569-1000
>Facsimile: 1 (312) 569-3000
>
>Lucas J. Tomsich (admitted *pro hac vice*)
>lucas.tomsich@faegredrinker.com
>Four Embarcadero Center, 27th Floor
>San Francisco, CA 94111
>Telephone: 1 (415) 591-7500
>Facsimile: 1 (415) 591-7510
>
>***Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on March 25, 2025 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

/s/ *Melissa R. Smith*
Melissa R. Smith