IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COGNIPOWER LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>    Defendants. | Case No. 2:23-cv-160 – JRG<br><br>**JURY TRIAL DEMANDED** |

**COGNIPOWER RESPONSE TO SAMSUNG'S MOTION TO MODIFY AND ADOPT REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 333)**

CogniPower filed a notice of no objection to the Special Master's Reports and sought no redactions.  Dkt. 335.  Irell & Manella takes full responsibility for what occurred.

**Mr. Sheasby's Request to Be Designated As Lead Counsel For the Hearing:** The Court's hearing order required lead/local to attend.  Dkt. 334.  Mr. Choung, currently designated as CogniPower's lead counsel, had an important family obligation that conflicted with the Court's hearing date (settling his family's new home in a different state).  Mr. Choung requested changing CogniPower's lead counsel designation to Mr. Sheasby.  Mr. Sheasby agreed.  Samsung objected. CogniPower confirmed that Mr. Choung will remain lead counsel.  Ex. 4 Mr. Choung will attend the hearing.

**Samsung Does Not Challenge the Facts Before the Special Master or His Factual Findings**. CogniPower raised no objections to the Special Master's Reports and Recommendations. CogniPower and Irell & Manella desire to take full responsibility for what occurred, no excuses, no hedging.  The factual record before the Special Master when he rendered his decision was 2,531 documents, spanning the pre-deposition and post-deposition period, the response to PI's letter reporting what occurred, the objective steps taken in response, the drafting of the briefing on the sanctions motion, the preparations for the sanctions hearing, sworn declarations and a deposition.

- Prior to the deposition of Mr. St. Pierre, none of the outlines of the St. Pierre deposition Mr. Manzin-Monnin shared with the attorneys on the team contained anything related to the questioning that is the subject of the sanctions motion.  Mr. Manzin-Monnin received extensive feedback on these multiple versions.   Dkt. 333, Ex. D, ¶¶4-5, 11; Ex. C, ¶¶6-9.

- September 25: At 5:24 PM, as the final email in a long 10-page email exchange, Mr. Manzin-Monnin wrote to Mr. Sheasby, and copied Mr. Payne, the following: as part of a longer email

> RE: [Establish they don't have the test chip anymore or the RTL.  Ask when it was destroyed]
> We have the circuit diagrams (they are scans, so metadata says created in 2020).  I am thinking to alter dates on some, ask him to confirm the incorrect dates, then show him version with correct dates, and ask how he knows which is correct.

1

- Mr. Sheasby and Mr. Payne both submitted declarations under the penalty of perjury that they missed this email and had no idea that Mr. Manzin-Monnin did what he did until the October 1 letter from PI counsel.  Dkt. 333, Ex. D, ¶¶6-9, 10; Ex. C, ¶¶11-12.  Mr. Sheasby was preparing for all-day depositions on September 26 and September 30.  Ex. D, ¶¶8.  Mr. Payne was preparing for an all-day deposition on September 26.  Ex. C, ¶13.  Mr. Sheasby provided extensive comment on outlines and oversight to Mr. Manzin-Monnin throughout the process, bur he missed the September 25 email. Ex. D, ¶¶3-7, 9-10.  Mr. Manzin-Monnin testified: "Mr. Sheasby called me and was upset, and surprised, and asked me what had happened, and told me he had not seen the e-mail."  Mr. Sheasby's declaration acknowledged: "It is ultimately my responsibility to make sure the events that occurred on September 27 never happen. I apologize to the Court, to opposing counsel, and to Mr. Saint-Pierre for this mistake." Ex. D, ¶ 14.

- September 27: Mr. Manzin-Monnin provided a detailed summary of the St. Pierre deposition for the team.  He made no reference to the improper examination at issue.  Ex. D, ¶ 13.

- October 1: 11:00AM -1:00PM PT: PI's counsel reported on what had occurred and requested two things, "confirmation that CogniPower's counsel will not repeat this behavior [of modifying a document] at the upcoming depositions of other PI witnesses, or otherwise" and confirmation "that CogniPower will not use the falsified document or any testimony related to the document in any manner."   CogniPower agreed within approximately two hours.  Ex. 1-2.

- October 1: 10:04-10:09 PM PT.  On the very same day that he first heard about the altered documents from opposing counsel, Mr. Sheasby emailed co-counsel late at night to instruct that Mr. Manzin-Monnin was barred from taking depositions: "No more depositions for Ben until further notice."  In a separate email late at night with Mr. Manzin-Monnin Mr. Sheasby used the term "silliness" when informing him he was barred from deposition.  Mr. Sheasby takes full responsibility for the inappropriate use of this term.  This phrase does not reflect Mr. Sheasby's concerns over

2

what occurred either at the time or now. Mr. Sheasby's concerns are reflected by his prompt unconditional agreement to PI's requests in the October 1 letter, the equivocal comments to co-counsel that same evening barring Mr. Manzin-Monnin from depositions, and the series of steps that subsequently occurred at Mr. Sheasby's instruction:

- October 3: Mr. Sheasby confirmed in writing to opposing counsel after investigation that no manual alteration occurred to any other exhibits and that Manzin-Monnin was not taking future depositions. Ex. 3.

- October 11: Mr. Sheasby placed additional constraints on Mr. Manzin-Monnin: he was forbidden from having any role in preparing exhibits for depositions to be taken by CogniPower of opposing witnesses, and all such exhibits must be prepared by co-counsel. In addition, because Mr. Manzin-Monnin prepared the master outline for PI witnesses, Mr. Sheasby required that all exhibits that Mr. Manzin-Monnin prepared for PI witnesses be recreated from scratch by co-counsel. None of these steps were disclosed to opposing counsel before the December 20 hearing. These steps were not performative; they were done in recognition of the seriousness of what had occurred.

- December 20 Hearing: At the time of this hearing, Mr. Manzin-Monnin had not disclosed to any attorney that he had undertaken discussions with Mr. Barr (a non-attorney) regarding what he planned to do at the St. Pierre deposition. Ex. D, ¶ 12 ("Mr. Manzin-Monnin informed me of this on January 8, 2025."). In advance of the hearing, Mr. Sheasby confirmed with Mr. Payne that he had no knowledge of what Mr. Manzin-Monnin was planning. Mr. Sheasby also wrote to Mr. Manzin-Monnin and Mr. Manzin-Monnin did not apprise him of the communications with Mr. Barr. Ex. D, ¶ 9. In light of this, Mr. Sheasby believed that what Mr. Manzin-Monnin said at the hearing was accurate: he did what he did on his own without sign-off. Mr. Sheasby does recognize that he should have disclosed to Judge Folsom the missed email that Mr. Manzin-Monnin sent on

3

September 25.  As Mr. Sheasby stated at the hearing, "your Honor, ultimately that I recognize that this is my responsibility as the senior lawyer."

- January 8: Mr. Manzin-Monnin disclosed to Mr. Sheasby for the first time the involvement of Irell staff member Thomas Barr in the preparation of the altered document.  Ex. D, ¶ 12.  Mr. Manzin-Monnin was instructed to disclose this new information in writing to Judge Folsom in advance of his deposition.  Mr. Sheasby's declaration submitted with the document productions to Judge Folsom quoted from these exchanges, including that Mr. Manzin-Monnin was told by Mr. Barr to seek permission.

- In advance of the Special Master's ruling, Mr. Manzin-Monnin agreed in writing to take multiple semesters of ethics classes to concretely acknowledge the seriousness of the situation.

- Irell's General Counsel has on multiple occasions addressed what occurred with all Irell attorneys.  This included an all-firm training session that was also attended by outside ethics counsel for Irell.  In addition, Judge Folsom's order was circulated to every attorney at the firm.

**CogniPower Agreed Not to Challenge the Dates On PI Prior Art Documents and Not to Use the St. Pierre Deposition.**  The Special Master already held that the CogniPower Stipulation (Dkt. 323) would be enforced.  Dkt. 333 at 10.  Under the Stipulation, CogniPower may not "dispute the dates appearing on the PI schematics that Samsung asserts as OmniSwitch prior art in its invalidity contentions." Dkt. 333 at 10.  This applies to all of the prior art PI documents.  It bars CogniPower from cross-examining Samsung's PI witnesses at trial to challenge the dates on these schematics.  This stipulation was designed to address Samsung's stated concern that PI witnesses might be uncomfortable if cross-examined at trial regarding the dates on these documents.  Mr. Sheasby also agreed on the record that "any testimony that they were concerned about we would not use." Dkt. 331-2 at 71:18-23.  In addition, as noted at his deposition, Mr. Manzin-Monnin has already been effectively taken off this case.  Samsung was informed that he will formally withdraw as

4

soon as the Court permits it, so it is not perceived as an attempt to evade jurisdiction.  Ex. 4.

**Jury Instruction That Counsel Falsified Documents.**  Samsung's concern that PI witnesses "may be tentative on the stand or distrustful of CP's counsel," has been addressed by the stipulation preventing any challenge of dates on PI documents and Mr. Manzin-Monnin's withdrawal.  In addition, CogniPower agrees that no Irell attorney will cross-examine a PI witness at trial.  These stipulations address Samsung's concerns.  "[T]he sanction chosen must employ 'the least possible power adequate to the end proposed.' If there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first."  *Nat. Gas Pipeline Co. of Am.*, 86 F.3d 464, 467 (5th Cir. 1996).  The jury instruction Samsung proposes exacts a punishment on the client, not the lawyers.  The client had no knowledge or involvement in what occurred in the deposition.

**Barring CogniPower's Conception Date.**  CogniPower's original contentions presented a conception date of March 2012.  This disclosure was well before and unrelated to the events of the St. Pierre deposition.  Separately, the Special Master denied CogniPower's request to supplement its infringement contentions to support an earlier date of May 2011.  Dkt. 334 at 5.  CogniPower is already limited to the March 2012 conception date from the original contentions.

**Disqualifying Irell & Manella**.  As lead counsel Irell, Mr. Sheasby acknowledges his responsibility for what transpired.  Given the significant resources the client has invested in Irell & Manella preparing this case, the client's lack of any involvement or knowledge of what Mr. Manzin-Monnin did, and the fact that public sanctions have already been issued and accepted, disqualification punishes the client.  *Marquis v. Sadeghian*, 2021 WL 4148754, *5 (E.D. Tex. September 13, 2021) (Johnson, M.J.) ("In a disqualification inquiry, there must not only be attorney misconduct, but also a finding that society's interests will not be served if the lawyer continues to participate. . . .")

| | |
|---|---|
| Date: March 26, 2025 | */s/ Robert Christopher Bunt*<br>Robert Christopher Bunt<br>(Texas Bar No. 00787165)<br>PARKER, BUNT & AINSWORTH, P.C.<br>100 E. Ferguson Suite 418<br>Tyler Texas 75702<br>903-531-3535<br>rcbunt@pbatyler.com<br><br>Jason G. Sheasby<br>(*Pro Hac Vice*)<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>310-203-7096<br>jsheasby@irell.com<br><br>Jonathan M. Lindsay<br>(Admitted in E.D. Tex.)<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br>949-760-5220<br>jlindsay@irell.com<br><br>Andrew Y. Choung<br>(Admitted in E.D. Tex.)<br>Jennifer Hayes<br>(admitted *Pro Hac Vice*)<br>NIXON PEABODY LLP<br>300 S. Grand Avenue, Suite 4100<br>Los Angeles, CA 90071<br>213-629-6000<br>achoung@nixonpeabody.com<br>jenhayes@nixonpeabody.com<br><br>*Attorneys for Plaintiff CogniPower LLC* |

6

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on March 26, 2025 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

/s/ Robert Christopher Bunt
Robert Christopher Bunt