# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COGNIPOWER LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:23-cv-00160-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO MODIFY AND ADOPT REPORT AND RECOMMENDATION OF SPECIAL MASTER (DKT. 333)**

**TABLE OF ABBREVIATIONS**

| Abbreviation | Definition |
|---|---|
| "Samsung" | Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| "CP" | Plaintiff CogniPower LLC |
| "R&R" | Special Master Hon. David Folsom's March 17, 2025 Report and Recommendation (Dkt. 333) |
| "Motion" | Samsung's Motion to Modify and Adopt Report and Recommendation of Special Master (Dkt. 338) |
| "Response" | CogniPower's Response to Samsung's Motion to Modify and Adopt Report and Recommendation of Special Master (Dkt. 339) |

CP's Response confirms that it is not taking responsibility for the "bad faith conduct" found by the Special Master and that additional sanctions are needed to remedy, punish, and deter the "disturbing" ethical violations. (R&R at 9–10.)

After a careful investigation, the Special Master found—and CP did not object to—that, for example, "***Mr. Sheasby failed to comply with his duty of candor*** to the Special Master by not correcting Mr. Manzin-Monnin's misrepresentation to the Special Master and by not apprising the Special Master of Mr. Barr's warning to Mr. Manzin-Monnin prior to his use of the Altered Document during the Saint-Pierre Deposition." (*Id.* (emphasis added).) The Special Master also found that, "[b]y not correcting the record during the December Hearing, ***Mr. Sheasby*** further ***failed to mitigate the consequences of a violation*** committed by an attorney he had direct supervisory authority over." (*Id.* at 10 (emphasis added).) The Special Master also concluded that, "[i]t is ***clear to the Special Master*** that ***CogniPower's counsel has grossly disregarded*** this District's requirement that counsel adhere to the Texas Rules of Professional Conduct." (*Id.* at 3 (emphasis added).)

The Special Master found serious continuing ethical violations and bad faith conduct by CP's counsel and in no way excused that conduct in his careful R&R. Despite filing no objections, (Dkt. 335), CP now seeks to undermine the Special Master's clear and unequivocal findings by putting forward a series of excuses or alternative arguments reflecting what CP believes the record shows. But CP's arguments and the selective portions of the record that it cites were previously presented to the Special Master and were not adopted in findings by the Special Master as conduct that in any way mitigated or lessened the severity of CP's counsel's actions as found by the Special Master. As just a few examples:

- In finding bad faith conduct, the Special Master did not adopt CP's excuse that Mr.

1

Sheasby's "silliness" email to Mr. Manzin-Monnin did "not reflect Mr. Sheasby's concerns." (Response at 2–3.) To the contrary, the Special Master made the opposite finding: Mr. Sheasby's "silliness" email "undermine[d] ***all of the representations made by Mr. Sheasby*** to the Special Master regarding Mr. Sheasby's previously conveyed concerns about the Saint-Pierre Deposition." (R&R at 8 (emphasis added).)

- In finding bad faith conduct, the Special Master did not adopt CP's excuse concerning the purported placement of Mr. Manzin-Monnin's September 25 email in a "long 10-page email exchange." (Response at 1.) Rather, as reflected in the R&R, the indication about Mr. Manzin-Monnin "alter[ing] dates" of PI schematics is at the top of the September 25 email attached to the R&R. (R&R at 6; *id.* at Ex. B.)

- In finding bad faith conduct, the Special Master did not adopt CP's excuse that Mr. Sheasby somehow "believed" that Mr. Manzin-Monnin was "accurate" when he told the Special Master that he acted "on his own." (Response at 3–4.) To the contrary, as the Special Master found, "Mr. Sheasby's apparent unawareness of the correspondence prior to the Saint-Pierre Deposition ***did not excuse*** either his duty to see this email, or his duty of candor to the Special Master during the December Hearing." (R&R at 3 (emphasis added).)

- In finding bad faith conduct, the Special Master did not adopt CP's excuse that its client "had no knowledge or involvement." (Response at 5.) Rather, despite the Special Master ordering production for *in camera* review of all communications relating to the Saint-Pierre deposition, (Dkts. 328, 329, 330), CP did not produce communications involving its client based on a privilege objection. The Special Master expressly stated that he did ***not*** base his findings on any documents over which CP maintained privilege: "This Report and Recommendation does not rely on any of the documents identified by CogniPower as privileged." (R&R at 4 n.1.)

2

Finally, CP's suggestion that its request to make Mr. Sheasby lead counsel was only "for the hearing" is not accurate. (Response at 1.) CP's request to Samsung was a general one, asking to change its designation of lead counsel, and made no mention of limiting that change to the March 27 hearing: "We plan to file a motion to change our designation of lead counsel from Andrew Choung to Jason Sheasby." (Dkt. 339-4 at 3–4.) In a subsequent meet-and-confer between local counsel, CP mentioned that Mr. Choung may be unavailable for the March 27 hearing as one of several reasons to support their request to change their lead designation in the case to Mr. Sheasby. Samsung had no objection to a motion to excuse Mr. Choung from the hearing. But as to Mr. Sheasby, Samsung opposed any designation of him as lead. (*Id.* at 2.)

* * *

By asking this Court to making findings or draw conclusions about the factual record that are contrary to the R&R, which CP represented to this Court it does not object to (Dkt. 335), CP's Response further demonstrates that it has not accepted responsibility. Thus, as set forth in Samsung's Motion, Samsung respectfully believes that additional sanctions are needed to remedy, punish, and deter the serious ethical violations and bad faith conduct found here.

Dated: March 27, 2025							Respectfully Submitted,

/s/ Melissa R. Smith_____
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

FAEGRE DRINKER BIDDLE & REATH LLP

David J.F. Gross – Lead Attorney (admitted *pro hac vice*)
david.gross@faegredrinker.com
4800 North Scottsdale Road, Suite 2200
Scottsdale, AZ 85251
Telephone: 1 (480) 643-1850

Christopher J. Burrell (admitted *pro hac vice*)
chris.burrell@faegredrinker.com
1500 K Street, Suite 1100
Washington, D.C. 20005
Telephone: 1 (202) 842-8800
Facsimile: 1 (202) 842-8465

Timothy E. Grimsrud (admitted *pro hac vice*)
tim.grimsrud@faegredrinker.com
Chad Drown (admitted *pro hac vice*)
chad.drown@faegredrinker.com
Lauren J.F. Barta (admitted in E.D. Tex.)
lauren.barta@faegredrinker.com
Kelly J. Fermoyle (admitted *pro hac vice*)
kelly.fermoyle@faegredrinker.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 1 (612) 766-7000
Facsimile: 1 (612) 766-1600

4

Evan J. Kline-Wedeen (admitted *pro hac vice*)
evan.kline-wedeen@faegredrinker.com
320 S Canal St Suite 3300
Chicago, IL 60606
Telephone: 1 (312) 569-1000
Facsimile: 1 (312) 569-3000

Lucas J. Tomsich (admitted *pro hac vice*)
lucas.tomsich@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: 1 (415) 591-7500
Facsimile: 1 (415) 591-7510

***Attorneys for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on March 27, 2025 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

/s/ *Melissa R. Smith*
Melissa R. Smith