# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COGNIPOWER LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-160-JRG<br><br>**JURY TRIAL DEMANDED** |

**COGNIPOWER RESPONSE TO SAMSUNG MOTION
FOR RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION ORDER
(DKT. 194, 313) ON THE DEMAND PULSE GENERATOR TERMS**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................1

II. SAMSUNG'S MOTION IS UNTIMELY ..........................................................................1

III. SAMSUNG'S MOTION FAILS TO MEET HIGH BAR OF RECONSIDERATION........2

    A.   EPR Confirmed Patentability...................................................................................4

    B.   Examiner Statements Are Consistent With Court's Claim Construction .................5

    C.   Inventor Testimony Is Not New Evidence.............................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Bouknight v. Director, TDCJ-CID*,
  2013 WL 4627521 (E.D. Tex. Aug. 28, 2013) ................................................................2

*Gesture Tech. Partners, LLC v. Huawei Device Co., Ltd.*,
  2022 WL 22883481 (E.D. Tex. 2022) ..................................................................2, 3, 4

*Iovate Health Sciences, Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*,
  2008 WL 11345895 (E.D. Tex. 2008) ............................................................................4

*Johnson v. Hope Village Apartments*,
  2011 WL 13217417 (E.D. Tex. Jan. 28, 2011) ............................................................1, 3

*Mobility Workx, LLC v. T-Mobile US, Inc.*,
  2018 WL 3636548 (E.D. Tex. July 31, 2018) ...............................................................10

*Oyster Optics, LLC v. Coriant America Inc.*,
  2018 WL 7019353 (E.D. Tex. 2018) ...........................................................................2, 3

*Super Interconnect Tech. LLC v. Huawei Device Co. Ltd.*,
  2020 WL 60145 (E.D. Tex. Jan. 6, 2020) ......................................................................10

*Tamayo v. Stephens*,
  740 F.3d 986 (5th Cir. 2014) ..........................................................................................1

*Templet v. HydroChem Inc.*,
  367 F.3d 473 (5th Cir. 2004) ..........................................................................................2

*Wilson v. Thompson*,
  638 F.2d 801 (5th Cir. 1981) ..........................................................................................1

**Federal Statutes**

35 U.S.C. § 112, ¶ 6 ..........................................................................................................5, 7

**Other Authorities**

Fed. R. Civ. P. 60 ..................................................................................................................1

Fed. R. Civ. P. 59 ..................................................................................................................1

# TABLE OF DEFINITIONS

| Short Form | Description |
|---|---|
| CogniPower | Plaintiff CogniPower LLC |
| Samsung | Samsung Korea and Samsung America |
| Samsung Korea | Defendant Samsung Electronics Co., Ltd. |
| Samsung America | Defendant Samsung Electronics America, Inc. |
| Power Integrations | Power Integrations, Inc. |
| Anker | Fantasia Trading, LLC d/b/a/ AnkerDirect and Anker Innovations Limited |
| Anker Case | *CogniPower LLC v. Fantasia Trading, LLC d/b/a AnkerDirect and Anker Innovations Limited*, Case No. 19-2293-JLH-SRF (D. Del.) |
| Asserted Patents | The '031, '713, '714, '157, and '425 Patents |
| '031 Patent | U.S. Patent No. RE47,031 |
| '713 Patent | U.S. Patent No. RE47,713 |
| '714 Patent | U.S. Patent No. RE47,714 |
| '157 Patent | U.S. Patent No. RE49,157 |
| '425 Patent | U.S. Patent No. RE49,425 |
| '152 Patent | U.S. Patent No. 9,071,152 |
| Asserted Claims | '031 Patent: Cls. 1, 10, 32, 51, 62<br>'713 Patent: Cls. 19, 36, 41, 48<br>'714 Patent: Cl. 19<br>'157 Patent: Cls. 18, 21, 22, 24<br>'425 Patent: Cls. 18, 28 |
| Board | Patent Appeal and Trial Board |
| IPR | *Inter Partes* Review |

| EPR | *Ex parte* Reexamination |
|---|---|
| NIRC | Notice of Intent to Issue Ex Parte Reexamination Certificate |
| '031 EPR | *Ex parte* reexamination of U.S. Patent No. RE47,031 (Application No. 90/019,611) |
| '713 EPR | *Ex parte* reexamination of U.S. Patent No. RE47,713 (Application No. 90/019,609) |
| '714 EPR | *Ex parte* reexamination of U.S. Patent No. RE47,714 (Application No. 90/019,538) |
| '157 EPR | *Ex parte* reexamination of U.S. Patent No. RE49,157 (Application No. 90/019,537) |
| '425 EPR | *Ex parte* reexamination of U.S. Patent No. RE49,425 (Application No. 90/019,536) |
| Morong Tr. | 2025-02-19 Deposition of William Morong |
| Markman Tr. | 2024-08-12 Markman Hearing Before The Honorable Roy S. Payne |

## **TABLE OF EXHIBITS**

| No. | Description |
|---|---|
| 1. | The '031 Patent |
| 2. | June 13, 2024 Request for '425 EPR |
| 3. | June 13, 2024 Request for '157 EPR |
| 4. | June 13, 2024 Request for '714 EPR |
| 5. | December 11, 2024 Office Action for '425 EPR |
| 6. | November 1, 2024 Office Action for '157 EPR |
| 7. | December 11, 2024 Office Action for '714 EPR |
| 8. | May 6, 2025 Office Action for '425 EPR |
| 9. | April 24, 2025 Ex Parte Reexamination Certificate for '157 Patent |
| 10. | April 29, 2025 NIRC for '714 Patent |
| 11. | February 3, 2025 Response to First Office Action for '157 EPR |
| 12. | March 11, 2025 Response to First Office Action for '425 EPR |
| 13. | Markman Tr. |
| 14. | Morong Tr. |

## I. INTRODUCTION

Over eight months after Judge Payne issued his Claim Construction Order, Dkt. 194 (September 10, 2024), and over five months after this Court overruled Samsung's objections and adopted the order, Dkt. 313 (December 16, 2024), Samsung now seeks a third bite at the apple with reconsideration of the Court's construction on the demand pulse generator terms.

Samsung's motion is untimely and fails to meet the high bar for reconsideration in this District. Samsung waited *months* after the alleged EPR and inventor "new evidence" arose to file this motion. The result it seeks is incongruous with the cited EPRs. The EPRs confirmed patentability. They did not find the demand pulse generator to be indefinite. Alleged new EPR evidence *affirming patentability* cannot lead this Court to the opposite judgment of invalidity.

## II. SAMSUNG'S MOTION IS UNTIMELY

Motions for reconsideration must be filed "within a reasonable time." Fed. R. Civ. P. 60; *see, e.g., Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) ("nearly 8 months ago" is not "within a reasonable time"); *Wilson v. Thompson*, 638 F.2d 801, 803 (5th Cir. 1981) ("within a month" is reasonable).[1] Samsung's motion was not.

The Court issued its Claim Construction Order on September 10, 2024, which was adopted on December 16, 2024. Dkts. 194, 313. The EPRs for the '157, '425 and '714 Patents were filed on June 13, 2024. Exs. 2-4 [EPR Requests]. The first office actions issued on November 1, 2024 and December 11, 2024. Exs. 5-7 [EPR Office Actions]. Mr. Morong's deposition took place on February 19, 2025. Dkt. 364-4.

---

[1] Samsung moved under Rule 59(e), Dkt. 364 at 6, but over five months after the Court adopted its Claim Construction Order. "If the motion is filed within the time period provided by Rule 59(e)—twenty-eight days—the motion falls under Rule 59(e); if it is filed after that time, it falls under Rule 60(b)." *Johnson v. Hope Village Apartments*, 2011 WL 13217417, at *1 (E.D. Tex. Jan. 28, 2011).

1

Samsung waited *months* to bring this motion – eight months after the Court issued its Claim Construction Order; five months after the EPR office actions; and two months after Mr. Morong's deposition. That is not timely. It comes well after expert reports and depositions had taken place (so they could not be addressed) and after both parties had already relied on the Court's existing constructions. That delay and ambush tactic alone warrants denial of Samsung's motion. *See Bouknight v. Director, TDCJ-CID*, 2013 WL 4627521, at *2 (E.D. Tex. Aug. 28, 2013) (failure to move within a reasonable time excused only "on good cause for the delay and will be afforded only in unique circumstances") (internal quotations omitted).

### III. SAMSUNG FAILS TO MEET THE HIGH BAR FOR RECONSIDERATION

"Motions to reconsider serve a very limited purpose: to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence. Only three grounds permit granting a motion to reconsider: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *Oyster Optics, LLC v. Coriant America Inc.*, 2018 WL 7019353, *1 (E.D. Tex. 2018) (internal quotes/citations omitted); *see Gesture Tech. Partners, LLC v. Huawei Device Co., Ltd.*, 2022 WL 22883481, at *1 (E.D. Tex. 2022) (internal quotations omitted).

Reconsideration "is an extraordinary remedy" that imposes a high bar:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that <u>such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised</u> before the entry of judgment. Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. <u>Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.</u>

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations and quotations omitted; emphases added); *see Oyster Optics, LLC v. Coriant America Inc.*, 2018 WL

2

7019353, *1 (E.D. Tex. 2018) ("Reconsideration is not to be lightly granted.... When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal quotes and citations omitted).

Samsung knows this. In multiple prior cases, Samsung attempted to relitigate claim construction under the guise of reconsideration in nearly identical or similar manner as here. In *Nanoco Tech. Ltd. v. Samsung Elec. Co., Ltd.*, the Court denied Samsung's reconsideration motion that argued "the Court should reconsider its construction... in light of statements Nanoco made... during the IPR proceedings." 2022 WL 18304143, *1-2 (E.D. Tex. 2022). The alleged IPR statements were made *after* claim construction in that case, like the alleged EPR statements that Samsung raises here. But cautioning that a "motion for reconsideration is not merely a chance for one party to relitigate claim construction," the Court found this did not meet the high bar for reconsideration. *Id.* at *2 ("Here, the Court is skeptical that the statements made by Nanoco qualify as 'new' evidence sufficient to meet the test for reconsideration.") (citing *Gesture Tech. Partners, LLC v. Huawei Device Co., Ltd. et al.*, 2:21-cv-00040-JRG, Dkt. No. 212 at 3, (E.D. Tex. Jan. 25, 2022)).[2]

In *Gesture Tech. Partners, LLC v. Huawei Device Co., Ltd.*, the Court denied Samsung's reconsideration motion based on "statements made by Gesture in a parallel *inter partes* review... proceeding... which allegedly contradict" the Courts claim construction. 2022 WL 22883481, *1 (E.D. Tex. 2022). The Court held:

> This seems to say that unless a party knows precisely what the Court may

---

[2] *See id.* at Court's fn. 1 to cited passage ("For example, Nanoco filed its first Patent Owner Preliminary Response raising much of the same arguments related to the IPR proceedings on February 24, 2021—over a month before the March 26, 2021 *Markman* hearing in this case. (*See* Dkt. No. 173-1 at 37–42).").

> conclude at claim construction it gets another chance.  If that were true, every claim construction hearing would always be the first of several hearings and the claim construction process would rapidly become a never-ending quagmire.  This court has no desire to signal the same to these parties in particular or the entire bar in general.
>
> In addition, on the merits, the <u>Court finds that the statements cited by Samsung are merely additional evidence that may have weighed, to some degree, towards Samsung's position</u>.  However, <u>none of the statements directly contradict the Court's rationale or ultimate constructions and certainly do not rise to the level of rendering the Court's constructions a "manifest injustice."</u>  Parties with clever lawyers can always think of something more to say, if given the opportunity.  That is not the test for reconsideration.

*Id.* at *2 (emphases added); *see Nanoco*, 2022 WL 18304143, *3 (finding "Samsung's Motion fails to present new evidence justifying reconsideration" because Samsung was making arguments previously presented and known).

Like these previous bids by Samsung to relitigate claim construction, Samsung's current motion should be denied.  Samsung does not raise new evidence or show any contradiction manifesting injustice to justify reconsideration.  Rather, Samsung merely seeks to use the occasion of alleged EPR statements and an inventor's deposition to re-urge its *same* indefiniteness contention.  *Iovate Health Sciences, Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 2008 WL 11345895, at *1 (E.D. Tex. 2008) ("It is well settled that <u>motions for reconsideration should not be used</u> to raise arguments that could, and should, have been made before entry of the order in question or <u>to re-urge matters that have already been advanced by a party</u>.  A motion for reconsideration is not the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier.") (internal quotations and citations omitted) (emphases added).

A. **EPR Confirmed Patentability**

As a threshold matter, contrary to any suggestion by Samsung, the EPRs did not find the

4

demand pulse generator term (or related terms) to be unsupported or indefinite.  In the EPRs filed on behalf of Samsung by Power Integrations, the Patent Office has thus far *confirmed patentability* and no claims stand finally rejected.  *See, e.g.,* Ex. 8 [May 6, 2025 Office Action for '425 EPR] (indicating claims "patentable and/or confirmed," including claims with "demand pulse generator" term); Ex. 9 [April 24, 2025 Reexamination Certificate for '157 Patent] ("The patentability of claims 18-43 is confirmed."); Ex. 10 [April 29, 2025 NIRC for '714 Patent] (indicating intent to issue reexamination certificate).

While Samsung cites to the '714 EPR, that patent does not claim "demand pulse generator."  Nor did the Court construe the '714 Patent as means plus function.  Whatever Samsung asserts about the '714 EPR is simply irrelevant here.  If it is relevant, it shows the Patent Office confirmed patentability.

Thus, the EPRs found this term to be definite under 35 U.S.C. § 112, ¶ 6, just as the Court did.  They are not new evidence or indications of any contradiction.  The results are entirely consistent with the Court's demand pulse generator construction and finding "that this term is not indefinite."  Dkt. 194 at 14; *see id*. at 20.  What would be a contradiction is the result that Samsung seeks – this Court invalidating the claims when the Patent Office has affirmed them.

**B.      Examiner Statements Are Consistent With Court's Claim Construction**

The EPR statements do not contradict the Court's claim construction.  Instead, they are generally consistent with and therefore, if anything, confirm that the Court's construction is correct and need not be reconsidered.

The Court construed the corresponding structure for demand pulse generator as:

(i.)    comparator 401a, switch 502a, and pulse generator 503a;
(ii.)   comparator 401b and blocking oscillator 503b;
(iii.)  comparator 401c, oscillator 505c, AND gate 506c, pulse generator 503c, and switch 502c; or

5

      (iv.)  comparator 401d, oscillator 505d, flip-flop 412d, and NAND gate 509d.

Dkt. 194 at 19; *see id.* at 15 (Notably, although the wording of the recited functions is different, they are substantively the same.  To summarize, the "demand pulse generator" decides when to send a "demand pulse" and then generates that "demand pulse."); Ex. 13 [Markman Tr.] at 69:1-15 ("we think it's sufficient for it just to be the structure of the demand pulse generator without referring to figure 1, figure 2, figure 3, and figure 4, because those have is a ton of other stuff").

      The EPRs identified the following corresponding structure.  In the '425 EPR:

- comparator 401b (comprising 402b-405b) and blocking oscillator / pulse generator 503b (comprising 502b-504b);
- voltage reference 400c, comparator 401c, capacitor 501c, switch 502c, demand pulse generator 503c, fast oscillator 505c, and AND gate 506c; or
- voltage reference 400d, comparator 401d, components 408d-420d, fast oscillator 505d, capacitor 507d, resistor 508d, and NAND gate 509d.

Ex. 5 [December 11, 2024 Office Action for '425 EPR] at 17-24.  The examiner subsequently revised the corresponding structure in response to a new claim that was submitted.

- switch 502a and pulse generator 503a;
- blocking oscillator / pulse generator 503b (comprising 502b-504b);
- switch 502c and pulse generator 503c; or
- capacitor 507d, resistor 508d, and NAND gate 509d.

Ex. 8 [May 6, 2025 Office Action for '425 EPR] at 20-21.  In the '157 EPR:

- comparator 401b and blocking oscillator / pulse generator 503b; or
- reference (voltage) 400d, comparator 401d, components 408d-420d, fast oscillator 505d, capacitor 507d, resistor 508d, and NAND gate 509d.

Ex. 6 [November 1, 2024 Office Action for '157 EPR] at 38, 43, 44.  But it should be noted that none of the asserted claims of the '157 Patent contain the "demand pulse generator" term, making these examiner statements irrelevant.[3]

---

[3] As discussed above, Samsung's cites to the '714 Patent are irrelevant.  Moreover, the EPR statements related to "secondary circuitry" or "second pulse source circuitry" are dicta.  The

These include nearly all of the same structures identified by the Court.  There are only minor variations in what the examiners included or omitted.  But such variation is not unexpected given the different forum (and claim construction standard).  Indeed, the scope under a means plus function analysis includes not just the corresponding structure but also "equivalents thereof."  35 U.S.C. § 112, ¶ 6.  That can, unsurprisingly, therefore yield variations of structures, all of which would be encompassed under corresponding structure and equivalents.

Samsung fails to explain at all the significance of any differences and why they would warrant reconsideration.  They do not.  For example, the examiner cited the reference voltage (e.g., 400c) as part of corresponding structure.  But all of the corresponding structures identify a comparator component (e.g., 401a-d)).  A comparator compares the output to a reference voltage – that is its function within the structure.  *See, e.g.*, Ex. 1 ['031 Patent] at 6:9-11 ("a <u>comparison circuit 401c</u> compares the voltage on the output terminal 13c with a <u>reference 400c</u>") (emphases added).  In another instance, the examiner cited various resistors, capacitors, and rectifiers (e.g., 408d-420d), which are component parts of the secondary side circuitry connected with the demand pulse generator and involved in generating and storing the energy that powers the demand pulse.  *See, e.g.*, Ex. 1 ['031 Patent] at 7:47-58, 8:4-38.  Thus, the examiner's identification is not contradicting the Court.

The crux of Samsung's argument is that, since the EPRs gave slightly different constructions for the demand pulse generator structure than the Court, this term must be indefinite.  But that argument is false.  There is no law (and Samsung cites none) that says a Court's construction must be the same as the Patent Office.  Samsung fails to present any reason

---

examiner allowed the '714 Patent claims based on different limitations, namely, "originates determination of when to turn off the primary-side switch."  Ex. 10 [NIRC] at 84-85, 89-91.

7

or basis why the cited EPR statements are relevant or should be considered, or why these slight differences render indefiniteness. They do not. None of the examiners found indefiniteness.

***EPR Applies Different Claim Construction Standard.*** It would not be particularly surprising or relevant if the Patent Office interprets claims differently. In EPRs, the Patent Office applies a broadest reasonable interpretation (BRI). BRI is a broader standard than applied in litigation. A Court's constructions may, therefore, be narrower in scope. Samsung fails to address or account for this at all in its motion.[4]

***EPRs Present Nothing New That Samsung Hadn't Already Argued.*** At best, Samsung is raising a question of what the corresponding structure should be. But they did not seek relief on that issue. In this motion, Samsung merely re-argues its indefiniteness contention. For reconsideration, the issue is not whether the constructions of the Court and Patent Office are the same. The issue is whether Samsung already had the opportunity to make the argument it now raises in this motion. The answer to that is yes. Samsung is simply re-urging the same arguments it made during claim construction – that demand pulse generator is indefinite because it is susceptible to more than one structure. Dkt. 141 at 14-17 (arguing there is "confusion" over structure); *see, e.g.*, Dkt. 219 [Samsung's Objections] at 4-5 (arguing "uncertainty of what is and is not part" of demand pulse generator; "501a" and "501b and 501c" should "be part of the corresponding structure;" and "flip-flop 412d" should not); Ex. 13 [Markman Tr.] at 44:22-45:6, 45:13-46:2, 48:20-49:14, 50:8-22 (arguing alleged inconsistencies).

The Court already heard and rejected that argument. Dkt. 194 at 14 ("Nonetheless, the Court agrees with CogniPower that this term is not indefinite. Despite the <u>inconsistency</u> between the <u>specification</u>, an <u>inventor's declarations</u>, and <u>CogniPower's expert</u>....") (emphases added). In

---

[4] The EPR examiners were apprised and knew of the Court's claim construction.

this motion, Samsung just makes the same argument using EPR examiners as the mouth-piece. Dkt. 364 at 8 (arguing inconsistency because "two different examiners... reached two different conclusions" and "<u>disparate</u> sets of identified components in the <u>specification</u>, the <u>file history</u>, and <u>inventor testimony</u>") (emphases added).[5]

       ***No Showing Examiner Interpretations Are Reasonable.***  Determining if the examiner's interpretations are reasonable is a necessary predicate to Samsung's position.  In its motion, Samsung just assumes that the examiner's interpretations are reasonable.  Samsung makes no showing that they are.  Indeed, they are not.  CogniPower disputed the examiner's statements.  For all the reasons CogniPower set forth during the reexaminations, the examiner's interpretations of "demand pulse generator" (and other claim limitations) are contrary to the intrinsic evidence and irreconcilable with controlling precedent.  *See, e.g.*, Ex. 11 [February 3, 2025 Response to First Office Action for '157 EPR] at 31-42 and Ex. 12 [March 11, 2025 Response to First Office Action for '425 EPR] at 54-68 (arguing "demand pulse generator" is not a "means" term; examiner failed to justify excluding structures disclosed in relation to Figure 1 or 3 or identifying different structures for different claims; examiner failed to isolate recited functions; and structure should be made consistent within the same family with prior examinations, which is same as Court's construction).  But, since the claims were allowed, as is, stripping CogniPower of standing, no appellate review could be sought.  Consequently, the examiner's statements are unreviewed and unconfirmed.  This also shows that Samsung's motion is improper because reconsideration should not be used as a vehicle to create satellite litigation

---

[5] Ironically, Samsung argues on the one hand that the EPR evidence shows that "what circuitry or components do or do not qualify" as demand pulse generator structure cannot be ascertained. Dkt. 364 at 7.  But that same evidence are examples showing Patent Office examiners *ascertaining* and identifying what circuitry or components make up the demand pulse generator.

9

over EPR interpretations.

### C. Inventor Testimony Is Not New Evidence

The testimony of Mr. Morong is also not "new evidence" sufficient to warrant reconsideration. Inventor testimony is not relevant to indefiniteness; it cannot change what the claims recite or the specification discloses. *See Super Interconnect Tech. LLC v. Huawei Device Co. Ltd.*, 2020 WL 60145, at *15 (E.D. Tex. Jan. 6, 2020) ("This testimony of named inventors is of little, if any, relevance in these claim construction proceedings.") (citing *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1346-47 (Fed. Cir. Sept. 2, 2008); *Mobility Workx, LLC v. T-Mobile US, Inc.*, 2018 WL 3636548, at *15 (E.D. Tex. July 31, 2018) ("As a threshold matter, Defendants have cited inventor testimony, but such testimony is of little, if any, relevance in these claim construction proceedings."). Mr. Morong actually made this point at his deposition that the demand pulse generator ▮▮▮▮▮ Ex. 14 [Morong Tr.] at 77:25-78:13 (▮▮▮▮▮).

Samsung's motion mischaracterizes and quotes Mr. Morong out of context. He did not confirm that the demand pulse generator structure was unknown. To the contrary, *Mr. Morong identified the corresponding structures, which match the Court's construction.*

- Identifying with reference to Fig. 1: ▮▮▮▮▮ Ex. 14 [Morong Tr.] at 80:17-19, which is the same as the Court's first structure of 401a, 502a, and 503a, Dkt. 194 at 19.[6]

- Identifying with reference to Fig. 2: ▮▮▮▮▮ Ex. 14 [Morong Tr.] at 87:8-16, which is the

---

[6] *See* Ex. 14 [Morong Tr.] at 80:18-19 (explaining the comparator "is looking at reference 400a and comparing it with the output at node 13a") and 81:6-19 (further explaining "reference 400a and the node 13a" are "[t]o the extent that the demand pulse generation circuitry has to respond to something, it is part of what the demand pulse generation circuitry is responsive to").

10

same as the Court's second structure of 401b and 503b, Dkt. 194 at 19.

- Identifying with reference to Fig. 3: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 14 [Morong Tr.] at 94:10-18, which is the same as the Court's third structure of 401c, 505c, 506c, 503c, and 502c, Dkt. 194 at 19.

- Identifying with reference to Fig. 4: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 14 [Morong Tr.] at 95:23-96:11, which is the same as the Court's third structure of 401d, 505d, 412d, and 509d, Dkt. 194 at 19.[7]

The out of context snippets of Mr. Morong's testimony cited in Samsung's motion relate to the problem with the questioning by Samsung counsel. As Mr. Morong explained in response to questioning, the demand pulse generator must be considered in the context of the components it connects to and functions with.



Ex. 14 [Morong Tr.] at 89:1-10 (emphases added). Far from being unable to specify structure, Mr. Morong pointed out that if Samsung identified the function, he could provide the exact structure.



*Id.* at 102:24-103:6 (emphases added).

But other than just generically questioning on "the demand pulse generator for generating

---

[7] Mr. Morong mentions here components 507d and 508d simply because, in the figure, they are in the path of oscillator 505d. He also mentions voltage reference 400d because, as he explained previously, *supra* fn. 6, that is what the comparator uses to compare voltages.

11

demand pulses," *id.* at 105:3-6, Samsung counsel did not.  When Samsung counsel tried to force an imprecise answer, Mr. Morong declined to do so.



*Id.* at 215:24-216:13 (objection omitted) (emphases added); *see id.* at 107:17-19 (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛); 111:2-5 (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛); 112:2-5 (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛); 112:24-113:8 (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛).

That is precisely what a means plus function construction is.  Here, the Court has defined the function and the corresponding structure.  Samsung does not seek reconsideration of the Court's definition or argue it is incorrect.

Date: June 6, 2025                                  */s/ Andrew Y. Choung*
                                                    Robert Christopher Bunt
                                                    (Texas Bar No. 00787165)
                                                    PARKER, BUNT & AINSWORTH, P.C.
                                                    100 E.  Ferguson Suite 418
                                                    Tyler Texas 75702

12

903-531-3535
rcbunt@pbatyler.com

Jason G. Sheasby
(*Pro Hac Vice*)
Stephen M. Payne
(Admitted *Pro Hac Vice*)
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
310-203-7096
jsheasby@irell.com
spayne@irell.com

Andrew Choung
(Admitted in E.D. Tex.)
Jennifer Hayes
(admitted *Pro Hac Vice*)
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6000
achoung@nixonpeabody.com
jenhayes@nixonpeabody.com

*Attorneys for Plaintiff CogniPower LLC*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Andrew Y. Choung*
Andrew Choung

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on June 6, 2025 pursuant to Local Rule CV-5(a) and has been served on all counsel via email.

/s/ *Andrew Y. Choung*
Andrew Choung